ANDREW STARK V. J. F. CUMMINGS.

*Error from Shawnee County.*

1. EVIDENCE: *RES GESTÆ.*—Declarations by a stranger made in June, of an act done in March, form no part of the *res gestæ* and are only hearsay and inadmissible as testimony.

2. TRIAL: OBJECTIONS TO EVIDENCE.——An objection to testimony most of which was hearsay, on the ground that it was hearsay, is sufficiently specific, although it be made gen rally to a statement a small part of which was not objectionable. The court can readily and certainly determine from such an objection the part intended.*

The opinion hereto attached, contains a statement of the facts of the case sufficient for presenting the points decided.

*W. P. Douthitt*, for plaintiff in error.

*Martin, Morton and Burns*, for defendant in error.

*For plaintiff in error*, it was maintained :

The court below erred in permitting plaintiff below to introduce heresay evidence, objected to by defendant below. The evidence introduced was purely hearsay and afforded the only pretense for a verdict, on the part of the jury. It was therefore material to the issue. The court below by refusing, on motion of defendant, to withdraw the evidence from the jury, gave its sanction to the evidence, its weight and legality. This was error.

*Martin, Morton and Burns*, submitted :

1. The evidence of Cummings as to Carney's state-

---

*EVIDENCE : RES GESTÆ.—Declarations made, when they accompany some act, the nature, object or motives of which are the subject of inquiry, are receivable as a part of the res gestæ, because they afford the best means of ascertaining the character of such acts. 1 Ph. Ev., 194.

ment, under the peculiar circumstances of this case was competent. *Crowther v. Gibson*, 19 *Mo.*, 365; *Murray v. Oliver*, 18 *id.* 405; *Cavin v. Smith*, 21 *id.*, 444.

2. But the objection thereto was not taken in time. It should have been made before the evidence went to the jury. *Voorhies N. Y. Code*, 466, note *F*; *Cheeseborough v. Taylor*, 12 *Abb.*, 227; *Waldo v. Russell*, 5 *Mo.*, 387.

3. The objection was too general and was to all the evidence, when it is conceded that a portion thereof was competent. *Walker v. Armstrong*, 2 *Kan.* 199; *Carman v. Pultz*, 21 *N. Y.* 547; *Thompson v. Blanchard*, 2 *Iowa*, 44; *Sutton v. School District No.* 2, 1 *Iowa*, 94; *Woodburn v. Cogdal*, 39 *Mo.*, 222; 34 *Mo.*, 167; *Green v. Gallagher*, 35 *Mo.*, 226; 36 *Mo.*, 294; 8 *id.*, 128.

4. The court did not withdraw the evidence of Cummings relating to the conversation with Burlingame, this action cured any error in its admission.

5. ⸌ No reason having been given for the objection to the evidence of Carney, the court did not err in overruling the same. *Walker v. Armstrong*, 2 *Kan.*, 199; *Carman v. Pultz*, 21 *N. Y.* 547; *Pollock v. Hoag*, 4 *E. D. Smith*, 473; 2 *Iowa*, 41; 39 *Mo.*, 222; *Miller v. Duff*, 34 *Mo.*, 167, 141.

6. Even if the question was incompetent the answer did not injure defendant below, and the error, if any, is therefore unavailable. § 305, *Civ. Code* '59; *Scovern v. State*, 6 *O. S.*, 288; *O. Life and Tr. Co. v. Goodin*, 10 *O. S.* 557; *Crane v. Hardman*, 4 *E. D. Smith*, 448; *McDermott v. Barnum*, 19 *Mo.*, 204; *Case v. Hannahs*, 2 *Kan.*, 490.

7. The evidence having gone to the jury without proper objection, no error was therein committed that will make their verdict reversible, *Healy v. Barnes*, 4 *Den.*, 73.

8. It is clear that Cummings was entitled to some judgment, and the most that can be claimed is, error in

the amount of the recovery. This is not a ground of the motion for a new trial, and therefore is not available here. *Davis v. Hines*, 6 *Ohio*, § 473; *Brenner v. Weaver*, 1 *Kan.*, 488.

9. The court cannot modify the judgment in this respect. *Comp. L.*, 218, § 538; *Columbus R. R. Co. v. Simpson*, 5 *O. S.*, 251; 7 *id.*, 299; 4 *E. D. Smith*, 46.

*By the Court*, KINGMAN, C. J.

Plaintiff and defendant were partners in printing and publishing a newspaper in Topeka, the partnership commencing about the 9th of January, 1864, and ending the 27 of March, 1864, at which time there was a dissolution of the partnership, and a final adjustment and settlement of the partnership affairs. This action is brought to recover $550 which the defendant in error alleges, was received by the plaintiff in error on the partnership account, and which he neglected to note on the books, or to give notice of to the defendant in error, who was the plaintiff below. The answer set up: First, a full settlement of the partnership business without any mistake. Second, denies that defendant received any such sum on the partnership account. Third, denies that defendant received any sum on the partnership account not accounted for on the settlement. The real controversy in the case turned upon the question whether $500, received by defendant below, was received on partnership account, or as the special property of defendant. Much improper evidence was admitted against objection and afterwards ruled out, so that it cuts no figure here but to encumber the record. To sustain his claim, among much other testimony, the plaintiff below testified that in June, 1864, in a conversation with Thomas Carney, he (Carney)

told the witness that " *he had* handed Stark $500 'for the benefit of the office,' and asked Cummings if he 'was not satisfied with it.' This was the first time that I knew that the money was intended for Cummings & Stark. To which testimony the defendant objected on the ground that 'statements of Carney were inadmissible, being hearsay testimony.' The court overruled the objection, and allowed the evidence to go the jury, to which ruling of the court, the defendant at the time excepted." We have copied the record above literally, as several questions are raised upon it.

It is conceded by counsel for defendant in error that ordinarily, this evidence would be incompetent, but it is insisted that under the circumstances, it is a part of the transaction. The authorities cited do not sustain any such doctrine. Declarations made, when they accompany some act, the nature and object, or motions of which are the subject of inquiry, are receivable, because they afford the best means of ascertaining the character of such acts as admit of explanation. 1 *Phillips on Ev.* 194. These declarations of Carney, purporting to have been made in June, form no part of the transaction which took place in March preceding, and make the testimony clearly hearsay, and inadmissible. But it is claimed that the objection was not made at the proper time, that it should have been made before the evidence went to the jury. The record shows, as quoted above, that the objection was made at the proper time, and that the court overruled the objection, and allowed the evidence to go to the jury. It could hardly be made plainer by language.

Again, it is claimed that the objection made was too general to be available. Now, technically, it may be perceived that the objection was made to the whole of the

testimony, but we feel sure, that the court below, as well as this court, must have been aware that all that was objected to was that part relating to the information received from Carney, and the reason of the objection itself being given, is conclusive that to that part of the testimony only was the objection urged, and that testimony being hearsay, and not part of the transaction itself, was on well known principles clearly inadmissible. It was one of the great matters in controversy, whether the money was given to Stark on his own individual account, or on the partnership account, and this testimony tended strongly to support the claim of Cummings. For this error the judgment must be reversed, and a new trial awarded.

VALENTINE, J., concurring.

SAFFORD, J., not setting in this case.