## Anna C. Barney v. Guilford Dudley *et al.*

New Trial—*Order Granting, Not Disturbed.* The granting of a new trial is largely in the discretion of the trial court; and where a new trial is given, and the record does not show upon what grounds the court granted such new trial, but the record does show errors upon which the trial court might have granted a new trial, the order granting such trial will not be disturbed.

*Error from Shawnee District Court.*

ACTION brought by *Anna C. Barney* against *Guilford Dudley* and *William C. Ewing,* to recover the value of an insurance policy on the life of her husband, John W. Barney, and payable to her at his death, which policy she alleged that the defendants had unlawfully and wrongfully converted to

their own use.    Trial at the April term, 1885.    The jury returned a verdict for the plaintiff for $1,500, and made special findings of fact.    Thereupon the defendants filed their motion for a new trial, for the following reasons:

"1. Irregularity in the proceedings of the court, the jury and the plaintiff, by which defendants were prevented from having a fair trial.

"2. Misconduct of the jury, and of the plaintiff and her attorney.

"3. Accident and surprise which ordinary prudence could not have guarded against.

"4. Excessive damages, appearing to have been given under the influence of passion and prejudice.

"5. Error in the amount of recovery, it being too large.

"6. The verdict is not sustained by sufficient evidence, and is contrary to law.

"7. Newly-discovered evidence material for the defendants, which they could not with ordinary and reasonable diligence have discovered and produced on the trial.

"8. Error of law occurring at the trial, and excepted to by the defendants."

On March 31, 1886, the court sustained the motion.    To obtain a reversal of the order granting the defendants a new trial, the plaintiff brings the case to this court.

*G. C. Clemens,* for plaintiff in error.

*W. P. Douthitt,* and *Overmyer & Safford,* for defendants in error.

Opinion by CLOGSTON, C.: This action is brought to this court for the purpose of reviewing an order of the district court of Shawnee county granting the defendants in error a new trial.    The record shows that at the hearing of the motion for a new trial no special findings were made by the court, and nothing is stated in the record showing upon what grounds the court granted the defendants a new trial.    Several errors are suggested by the defendants upon which they allege the court might have granted said motion; among which is an instruction given by the court to the jury, which is as follows:

"10.    The court further instructs you that you are the ex-

clusive judges of the evidence, of what it proves or disproves, and you are the judges of the credibility of the witnesses, and if you believe that a witness has sworn falsely, you may reject the testimony of such witness, or any part of the evidence of such witness."

This instruction is erroneous. Before the jury can disregard the testimony of a witness, it must appear that the witness testified willfully, or corruptly and falsely. A witness might testify falsely, and yet be honest; and the mistake of one who testifies falsely, ignorantly and unintentionally, is not sufficient to permit his entire testimony to be disregarded. How far this instruction went to prejudice the rights of the parties we are unable to say. The granting of a motion for a new trial is largely in the discretion of the trial court; and where a new trial is granted, the order granting it will not be reversed unless it clearly appears that there is no error in the record upon which said motion ought to have been granted. In this case we are unable to say upon what grounds the court granted the motion for a new trial; and where no grounds are stated, and there appear to be some errors in the record, this court will not reverse the ruling of the trial court. (See *City of Sedan v. Church*, 29 Kas. 190.)

The plaintiff in error insists that the trial court granted a new trial solely upon the ground that the court had mistaken the rule or measure of damages that the plaintiff was entitled to. If this clearly appeared in the record, then we would be able to determine whether or not the court erred in sustaining the motion; but as this is only the statement of counsel in his brief, and not contained in the record, we cannot say that the motion was sustained for this reason.

We therefore recommend that the ruling of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.