JACOB M. CRAWFORD *et al.* v. LOVINA CRAWFORD.

No. 10951.

TITLE AND OWNERSHIP — *Evidence — Declarations.* Declarations as to title and ownership of land by one in possession of the same, who is not a party to the action, which are not against his inter ests, and do not accompany the execution of a conveyance or any act of possession nor relate to the extent of his possession, and which have no legitimate connection with or tendency to qualify any act which is the subject of inquiry, but are mainly narratives of past occurrences, do not constitute a part of the *res gestæ* and are not receivable in evidence.

Error from Coffey district court; W. A. RANDOLPH, judge. Opinion filed January 7, 1899. Reversed.

*Benson & Smart*, for plaintiffs in error.

*W. H. Clark*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: Lovina Crawford brought this action against J. M. Crawford and his wife, Mathilda J. Crawford, to recover 426 acres of land situate in Coffey county. She alleged and claims that she is the widow and sole heir at law of John Crawford, who died December 7, 1895; that he abandoned her in Oregon and brought with him to Kansas $20,000, a

part of which was invested in the land in controversy; that the entire consideration of the purchase was paid by John Crawford, but, to exclude her from any interest in the land, he had J. M. Crawford named as grantee in the deed which was placed on record; that J. M. Crawford and wife in turn executed and delivered another deed to John Crawford, conveying back to him the land, which deed was not recorded but was kept in his home; that after the purchase so made John Crawford took possession of the land and retained it until his death, and that, shortly before he died and while upon his death-bed, some one purloined the deed from his house, and it has not since been found.

On the other side, it is claimed that the deed from J. M. Crawford and wife to John Crawford was never in fact delivered; that after it was written out it was placed in the possession of the scrivener to be retained by him until a certain event should happen; and that later a different arrangement was made whereby the ownership of the land was to vest in J. M. Crawford, and that the deed to John Crawford, which for some reason had passed out of the possession of the scrivener, was to be destroyed. It is also claimed that $500 was paid by J. M. Crawford to John Crawford as a part consideration for the land, and that prior to the death of John Crawford J. M. Crawford had moved upon the land and taken possession of the same. The jury found that J. M. Crawford and wife made a deed to John Crawford for the land in question, but that the deed was not left with the scrivener, but that John Crawford had possession of the same.

The controlling questions in the case were whether this unrecorded deed had actually been made and delivered, and whether John Crawford was owner of the

land at the time of his death. In support of this claim of Lovina Crawford, testimony was offered of the declarations of John Crawford, made at different times during a period of about two years, to D. D. Craig and his wife, with reference to the title and ownership of the farm. The Craigs had rented the farm from John Crawford, and Mrs. Craig, who was a niece, had expectations that her uncle would ultimately devise the land to her. D. D. Craig was asked what he had heard John Crawford say while they were living with him on the farm as to the ownership of it, and he was allowed to answer, over objection, that John Crawford told him that the deed then stood in his name; that the land was his; but that the deed would not be recorded while he lived. Mrs. Craig stated that while they were living on the farm her uncle told her that it was his farm; that he had it deeded in J. M. Crawford's name to keep people out west from making him trouble; and that he often told her that J. M. Crawford had deeded the land back to him. She stated that her uncle had made a will to her, and told her that at his death the deed from J. M. Crawford was to be recorded. Other testimony of the same character was received over objection.

It is clear that the foregoing declarations are mere hearsay, and their admission must be regarded as a fatal error. They were not made in the presence of J. M. Crawford nor acquiesced in by him. They were not against the interest of the party making them, nor did they fall within any of the exceptions to the rule excluding hearsay testimony. In a controversy with J. M. Crawford, John could not have proved ownership by his own declarations to third parties, and they are not more available as testimony in favor of one who claims through him. (*Ward v. Ward*, 37 Mich.

253; Jones on Evid., § 236.) An exception to the rule of rejecting such declarations is where they constitute a part of the *rés gestæ*, and it is contended here that the testimony in question comes within this exception. Voluntary and spontaneous declarations in connection with the making of a conveyance or a declaration accompanying the taking possession of land which qualifies the possession taken, when made in good faith, may be received as part of the *res gestæ*. The objectionable declarations here, however, did not accompany the execution of the deed or the taking possession of the land, nor did they relate to the extent of the possession. They were mainly narratives of past occurrences, and had no legitimate connection with or tendency to qualify any act which is the subject of inquiry. For that reason they are not deemed to be a part of the *res gestæ*. (*Stark v. Cummings*, 5 Kan. 85; *Osborne v. Osborne*, 33 id. 257, 6 Pac. 271; *Tennis v. Rapid Transit Rly. Co.*, 45 id. 503, 25 Pac. 708.)

The claim that the testimony, if inadmissible, is immaterial cannot be sustained. It is true that the signing of the deed by the plaintiffs in error appears to be conceded, but there is a sharp controversy in the testimony as to the delivery of the deed and the ownership of the land. It cannot, therefore, be treated as immaterial. It is true, as contended, that the evidence in the case strongly tends to support the findings and judgment, but it is impossible to say that the jury were not affected by the incompetent testimony, or that the error is without prejudice.

Having reached this conclusion, it is not necessary to consider the other questions discussed, and therefore the judgment will be reversed and the cause remanded for a new trial.