HENRY S. IRETON v. BRIDGET IRETON et al.

No. 11,644. ( 63 Pac. 429.)

1. NEW TRIAL—Duty of Trial Court. Upon an application for a new trial because the evidence does not sustain the verdict, it is the duty of the trial court, though not of an appellate court, to weigh the evidence, although conflicting, and if the verdict is clearly against the weight of the evidence and does not meet the approval of the court, it should be set aside.

2. ——— Duty of Supreme Court on Review. Where a new trial is granted upon a motion alleging several grounds, and the trial court does not state upon what particular ground the motion was

sustained, the supreme court will sustain the order, if it can be sustained upon any one or more of the grounds assigned in the motion.

Error from Cowley district court; W. T. McBride, judge. Opinion filed January 5, 1901. Affirmed.

*Madden & Buckman,* for plaintiff in error.

*Pollock & Lafferty,* and *Jackson & Love,* for defendants in error.

The opinion of the court was delivered by

Johnston, J. : This was an action by Henry S. Ireton against Bridget Ireton and other heirs of John Ireton, deceased, to recover a tract of land in Cowley county, and also damages for withholding the possession of the same. The land was purchased by John Ireton and occupied by him and his family until his death, in 1893. Henry S. Ireton, a son of John Ireton by a former wife, claimed title to the property through a conveyance alleged to have been executed by his father and mother on September 4, 1874. He contended that the continued possession of his father was by virtue of a lease executed by him in 1890, giving his father the right of occupancy during his natural life. The contention of the widow and heirs of John Ireton was that the deed had never been delivered, and therefore never became effectual; and, further, that the occupancy of the premises by John Ireton and his family was not under the lease, but by virtue of ownership.

The first trial resulted in a verdict in favor of the defendants, but for errors committed the judgment was reversed and the cause remanded for further trial. (*Ireton v. Ireton,* 59 Kan. 92, 52 Pac. 74.) At the last trial the verdict of the jury was in favor of the plain-

tiff for the recovery of the real estate, and the defendants filed a motion for a new trial, alleging seven different grounds for setting aside the verdict, among which were these : (1) That the verdict was not sustained by sufficient evidence and was contrary to law ; (2) irregularities in the proceedings of the jury ; (3) misconduct on the part of the jury ; (4) errors of law occurring on the trial of the case ; (5) the fact that the guardians of certain defendants who were minors were not made parties ; (6) newly-discovered evidence which could not be produced at the trial. The court sustained the motion, setting aside the verdict and granting a new trial, and of these rulings the plaintiff complains.

The plaintiff in error contends that the motion for a new trial was granted by the court upon the theory that it had erred in refusing to admit in testimony statements made by John Ireton in his lifetime as to the execution and delivery of the deed to his son ; that the statements sought to be introduced did not accompany the execution of the conveyance or any act of possession ; and, therefore, under *Crawford v. Crawford*, 60 Kan. 126, 55 Pac. 842, it is contended that the court's original ruling in excluding the evidence was right, and that error was committed in granting the new trial. The weakness of this contention is that the record does not show that a trial was awarded upon this ground, nor does it disclose which of the seven different grounds alleged was the basis of the ruling. If it clearly appeared that the ruling rested upon, or rather raised, a pure, unmixed question of law, and that it was erroneously made, we would be warranted in reversing the order, and in directing an entry of judgment on the verdict, but the record does not show, and the opposing parties do not

concede, that the question comes to us in that form. It may have been granted because the court concluded that the evidence did not sustain the verdict. The granting or refusing of a new trial for that reason is so much in the discretion of the trial court that a reviewing court will be slow to interfere with an order which grants a new trial, and especially where the evidence is conflicting. Here the evidence on the main question is voluminous and to some extent contradictory, and there is room for the inference that the verdict of the jury did not meet with the approval of the court.

This court will not disturb a verdict if there is substantial testimony to sustain it, but a different rule applies to a trial court which has equal opportunity with the jury to observe the manner of the witnesses and to decide upon their credibility. Where a motion for a new trial is made for the reason that it is contrary to the evidence, it is the duty of the trial court to consider and weigh the evidence on which the verdict rests, and if the verdict is contrary to the evidence it should be set aside. It is true the jurors are the judges of the credibility of witnesses and the triers of the facts, and that the trial court will not in doubtful cases set up his own judgment against theirs, nor interfere with a verdict merely because his judgment inclines against theirs. But these considerations do not warrant him in abdicating the important function of supervising verdicts. If he is not satisfied with the verdict and is convinced that it is clearly against the weight of the evidence, no duty is clearer than the granting of a new trial. In *McCreary, Sheriff, v. Hart*, 39 Kan. 216, 17 Pac. 839, it was said that "where a verdict by the jury is founded on the testimony of a witness directly contradicted by

another witness, and the trial court sets the verdict aside, the supreme court will not reverse the decision or order of the trial court granting a new trial.'' In *Sanders v. Wakefield*, 41 Kan. 11, 20 Pac. 518, it was decided that ''a new trial ought always to be granted whenever in the opinion of the trial court the party asking for a new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received subtantial justice.''

A much stronger case for reversal is required where a new trial has been granted by the district court than where one has been refused, and since the motion contains so many grounds, and the court did not state for what particular reason the motion was granted, it cannot be said that the court erred with reference to some pure, simple, unmixed question of law. (*Field v. Kinnear*, 5 Kan. 233; *Atyeo v. Kelsey*, 13 id. 212; *Day v. Harris*, 23 id. 216; *Condell v. Savings Bank*, 23 id. 596; *City of Sedan v. Church*, 29 id. 190; *Brown, Adm'r, v. A. T. & S. F. Rld. Co.*, 29 id. 186; *Coal & Mining Co. v. Stoop*, 56 id. 426, 43 Pac. 766.)

If the order of the court granting a new trial can be sustained upon any of the grounds alleged in the motion, this court is bound to sustain it. It follows that the order and judgment of the court must be affirmed.