FRED B. GLOVER v. W. J. RATCLIFF *et al.*
No. 13,294. ( 77 Pac. 89.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Time for Filing Motion for New Trial.* Unless it fall within the statutory exceptions to the rule, an application for a new trial must be made at the term the verdict, report or decision is rendered; but where the motion has been under consideration by the court and its final consideration continued until the next term, it will be considered filed in time, even though, as a matter of fact, it did not come to the hands of the clerk until a few moments after the announcement of the adjournment for the term was made.

2. ———— *Motion Should Have Been Treated as Filed in Time.* Under the circumstances of this case the time shown to have elapsed between the announcement of the final adjournment of the term of court and the filing of the motion for a new trial might well have been disregarded, and the motion treated as though filed before such announcement.

3. PRACTICE, SUPREME COURT—*Presumption upon Review of Order Granting New Trial.* Where a motion for a new trial, based upon a number of grounds, has been allowed, and the record does not show upon what particular ground it was granted, the ruling of the court will not be reversed where it can be sustained upon any ground assigned.

Error from Rawlins district court; A. C. T. GEIGER, judge. Opinion filed June 11, 1904. Affirmed.

*Fred Robertson,* and *Tully Scott,* for plaintiff in error.

*John E. Hessin,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The relative position of the parties here is as it was in the court below. The plaintiff had a verdict in his favor, the jury at the same time returning answers to many special findings. Defendants' motion for a new trial was sustained, and it is insisted that the court erred in so doing because it was not filed in time.

It appears that the jury returned its verdict at the close of the day and too late for further action in the case. With the exception of the completion of this case the court had entirely finished its business for the term, and as the judge, as well as some of the attorneys, desired to leave upon a comparatively early train the next morning court was adjourned to 7 : 30 A. M. Attorneys for defendant had prepared two motions—one for judgment in their favor upon the special findings and one for a new trial. Upon the convening of the court at the early hour indicated, the motion for judgment upon the special findings was filed and argued, its discussion continuing up to the time of the departure of the train upon which the judge and attorneys desired to go. The court overruled this motion and, after consultation with the attorneys, it was ordered that the hearing of the motion for a new trial be continued until the next term, and thereupon an adjournment was ordered and announced by the sheriff.

It is claimed by the plaintiff that the motion for a new trial was not filed until after the court had adjourned. When it came on for hearing at the next term the court heard evidence upon the question of the time when it was actually filed. The clerk testified that it was from five to ten minutes after the announcement of the adjournment. Witnesses on behalf of the defendants testified that immediately upon the agreement that the hearing of the motion be continued until the next term it was carried to, and laid upon, the desk of the clerk for filing. The attorney who did this said that he was not willing to say whether the adjournment had been proclaimed at the time, but said that he took the motion to the clerk with all expedition after this arrangement was made

and the adjournment ordered.    Another witness stated that he did not think it was a minute after the agreement, as to the continuance before the paper was taken to the clerk, and at that time the judge had not left the bench.    The judge's trial-docket contained a minute of the filing of the motion and of the continuance of the hearing until the next term, the judge, however, making a statement that he did not see the motion filed or know that it was in fact filed, but that the notation in the trial-docket was made with the thought that it had been filed.

We think, upon this showing, that the court was right in considering the motion, even though, as a matter of fact, it had not been filed by the clerk, or had not come to his manual possession, before the actual proclamation of adjournment was made, the time between the two acts being so infinitesmal and insignificant that it might well have been treated as of no moment; more than this, it appears that the judge and counsel, in their discussion about the continuance of the hearing of the motion, treated it as though it were actually filed.

The plaintiff urges that, even though the court had jurisdiction to consider the motion, it should not have been sustained, and argues that the grounds upon which the court sustained it were insufficient.    The motion set out all grounds therefor, and there is nothing in the record indicating upon which of these it was granted.    We cannot, therefore, say that the court was in error in so doing.    (*Barney v. Dudley*, 40 Kan. 247, 19 Pac. 550; *Ireton v. Ireton*, 62 id. 358, 63 Pac. 429.)

The order of the court granting a new trial will be affirmed.

All the Justices concurring.