THE MARION MANUFACTURING COMPANY V. L. H. BOWERS *et al.*

No. 14,067. (80 Pac. 565.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*New Trial.* The allowance of a motion for a new trial is largely in the discretion of the trial court, and should be reversed only for an abuse of such discretion.

2. ——— *Demurrer to Evidence.* Where the burden of proof is upon the defendant, and evidence is offered that would sustain even a partial defense to the cause of action, a demurrer to such evidence should not be sustained.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed April 8, 1905. Affirmed.

STATEMENT.

THE plaintiff in error brought this suit against L. H. Bowers and wife on several promissory notes and mortgages for the purpose of obtaining personal judgment on the notes and to foreclose the mortgages. In

its petition the plaintiff alleged that the notes and mortgages were executed and delivered by Bowers and wife to it for a valuable consideration. The answer alleged that the consideration for the notes and mortgages was a thrashing-machine outfit, bought by the defendants of the plaintiff through its agents, the Western Supply and Manufacturing Company and one B. H. Giger, and, setting up certain guaranties and changes in the contract made by the supply company and Giger, alleged that these agents had full authority so to do. The answer also pleaded a partial failure of the consideration, and the failure of the plaintiff to furnish certain tools and accouterments alleged to have been contracted to be furnished.

In reply the plaintiff stated that it never sold the thrashing outfit to the defendants, but that it sold the same to the Western Supply and Manufacturing Company; that the supply company was indebted to the plaintiff for the price of the machinery, and that the supply company sold the machinery to the defendants and took the notes and mortgages in question in the name of, and delivered the same to, the plaintiff, and the plaintiff gave the supply company credit therefor upon its claim against the latter.

At the trial the defendants, having assumed the burden of proof, introduced evidence sufficient at least to sustain a partial defense to the suit, if the Western Supply and Manufacturing Company was the contracting party, and if the transfer of the notes to the plaintiff did not cut off such defense.

The plaintiff interposed a demurrer to the evidence, which was sustained, and the court gave judgment in favor of the plaintiff for the amount claimed in the petition. No such judgment, however, appears in the record. The defendants in due time filed a motion for a new trial, which was continued until the following term of court; and when the motion came up for hearing the court announced that it had overlooked the

allegations of the reply, and had excluded evidence offered by the defendants on the ground that authority had not been shown in the Western Supply and Manufacturing Company and Giger, as agents of the plaintiff, and that the defendants were probably surprised thereby, and granted the motion for a new trial. To reverse this order the plaintiff brings the case here.

*David Ritchie,* and *W. N. Banks,* for plaintiff in error.

*F. J. Fritch,* and *John Bertenshaw,* for defendants in error.

The opinion of the court was delivered by

CLARK A. SMITH, J.: If the notes and mortgages were executed and delivered by the defendants to the plaintiff as alleged in the petition, a defense founded upon any warranty or transaction with the Western Supply and Manufacturing Company or Giger, as agents for the plaintiff, would require as a prerequisite that the fact of such agency, and the extent thereof, be first proved. If, however, the notes and mortgages were executed and delivered to the Western Supply and Manufacturing Company in a transaction between that company and the defendants, but at the instance of the supply company were made payable to plaintiff, then there could be no agency, and of course proof thereof would not be requisite. In the latter event, the plaintiff would take the notes and mortgages subject to all defenses that could be set up against the Western Supply and Manufacturing Company. Such a transfer of the notes would not cut off equities and defenses.

The trial court overlooked this feature of the case, and sustained a demurrer to evidence that was sufficient to establish a partial defense. The court also indicated to the defendants that it would be useless to

offer any further testimony without further proof as to the extent of the agency of the Western Supply and Manufacturing Company and Giger.

The court, in effect, reversed the ruling on the demurrer, and vacated any judgment that may have been rendered, by granting a new trial. Under the circumstances a new trial is certainly in the interests of justice, and, as the granting thereof was largely in the discretion of the court, we cannot say that it abused that discretion because it assigned a different reason for granting the motion than we might have assigned. The court had misapprehended the issues, had made erroneous rulings by reason thereof, and had by intimation debarred the defendants from offering further evidence. It granted the defendants a new trial on the ground of surprise. We cannot say they were not surprised. It is evident that they were debarred from having a fair trial.

The order granting a new trial is affirmed.

All the Justices concurring.