No. 18,624.

### C. L. WHITE, *Appellee,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Order Granting—Review—Judicial Discretion.* To justify this court in reversing an order of the district court setting aside the verdict of a jury and granting a new trial on the ground that the verdict is not sustained by the evidence, it must appear that the evidence points to but one rational conclusion of fact, the one found by the verdict.

2. SAME. An examination of the evidence in this case fails to disclose that the trial court abused its discretion in granting a new trial.

Appeal from Butler district court; GRANVILLE P. AIKMAN, judge. Opinion filed February 7, 1914. Affirmed.

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for the appellant.

*C. L. Aikman,* of El Dorado, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The sole question in this appeal is whether the trial court erred in granting a new trial.

The action was to recover the value of corn and stalks in a field burned over by fire, alleged to have been caused by the negligent operation of one of defendant's trains. The jury returned a general verdict for defendant. The court set the verdict aside and granted a new trial on the sole ground that the verdict was not sustained by the evidence. The plaintiff's evidence showed that he was the owner of the premises and that the fire was set out by the train. This, under the statute, made a *prima facie* showing of negligence, and the burden of proof was on the defendant to rebut the presumption of negligence arising from the fact that

the fire was caused by the operation of its trains. (*Railroad Co. v. Chace,* 64 Kan. 380, 381, 67 Pac. 853.) The railroad company claims that it overcame the presumption by showing that it had exercised ordinary care and diligence in equipping its engine with the latest approved appliances to prevent the escape of fire, and in operating the train in question. But unless we are able to say that the trial court abused its discretion in setting aside the verdict and granting a new trial, the ruling must be affirmed.

The general rule, as stated in *Swan v. Salt Co.,* 86 Kan. 260, 119 Pac. 871, and in numerous other decisions of this court, is that "where a general verdict is attacked as contrary to the evidence no judgment can be rendered upon it until it has been approved by the trial court." (p. 262.)  In *K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108, the rule was stated in this language:

"It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same." (p. 12.)

In *Sanders v. Wakefield,* 41 Kan. 11, 20 Pac. 518, it was said:

"New trials ought always to be granted whenever, in the opinion of the trial court, the party asking for a new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice." (p. 14.)

In *Ireton v. Ireton,* 62 Kan. 358, 63 Pac. 429, it was said that if the trial court "is not satisfied with the verdict and is convinced that it is clearly against the weight of the evidence; no duty is clearer than the granting of a new trial." (p. 361.)

This court will not reverse an order granting a new trial "unless error is clearly established with respect to some pure, simple and unmixed question of law." (*Sanders v. Wakefield,* supra, syl. ¶ 1; *Scott v. Stone,*

72 Kan. 545, 84 Pac. 117; *Railway Co. v. Fields,* 73 Kan. 375, 85 Pac. 412; *Cronk v. Frazier,* 86 Kan. 879, 880, 122 Pac. 893.) "The allowance of a motion for a new trial is largely in the discretion of the trial court, and should be reversed only for an abuse of such discretion." (*Manufacturing Co. v. Bowers,* 71 Kan. 260, syl. ¶ 1, 80 Pac. 565.)

Before we would be justified in reversing the judgment we must be able to say, as was said by the court in *Sovereign Camp v. Thiebaud,* 65 Kan. 332, 69 Pac. 348, that "the· uncontradicted evidence . . . all points to but one rational conclusion of fact, the one found by the verdict of the jury." (Syl. ¶ 2.) In that case, speaking of the discretion of the trial court, it was said in the opinion:

"The discretion of district courts in the matter of granting or refusing new trials is a legal, not a capricious, one. It must be warranted by law and guided by established precedent. It may not be exercised simply because the judge might wish the verdict to be otherwise. The applicant, therefore, must show a legal reason for its exercise. The saying that it takes thirteen to render a verdict has passed to an adage, but can mean nothing more than that, in cases where conflicting evidence raises a substantial and serious doubt in the· mind of the trial judge of the correctness of the conclusion reached by the jury, he may interfere." (p. 337.)

Applying the foregoing well-established rules to the present case, our duty is clear. The trial court had the opportunity of seeing the witnesses and hearing them testify, which we have not; and, since we are not able to say that there is a clear showing that the trial court usurped the functions of the jury by arbitrarily setting aside the verdict and granting a new trial, the judgment must be affirmed.

White v. Railway Co.

PORTER, J. (concurring specially) : The railroad company promptly assumed the burden of overcoming the *prima facie* showing of negligence created by the statute upon which the plaintiff wholly relied, and made such an exceptionally strong showing of care and diligence in equipping the engine in question with the latest approved appliances for preventing the escape of fire, care and diligence in the inspection of these appliances and in the operation of its train and in the care of its roadbed and right of way, that I find it difficult to conceive how a reasonable mind could arrive at a different conclusion from that reached by the jury. The plaintiff has not been able to direct our attention to anything in the cross-examination of the witnesses for the defendant which, in my opinion, tends to overturn the case made by the defendant. The verdict was sustained by the evidence, unless the trial court saw something in the manner or appearance of the defendant's witnesses which is not disclosed by the printed evidence, and which induced the belief that some of the defendant's evidence should not be regarded as trustworthy. I am unwilling to establish a precedent which might have the effect of discouraging trial courts from the free exercise of a discretion, in my opinion too frequently disregarded, of setting aside verdicts which they do not in fact approve and which are manifestly contrary to the weight of evidence, and which tend to bring a reproach upon jury trials. I concur in the judgment, therefore, on the sole ground that the trial court must be presumed to have seen something in the manner or appearance of the defendant's witnesses which induced the belief that their testimony was not true.