No. 24,574.

O. E. BEDELL, etc., *Appellant*, v. ALBERT C. LUNDQUIST et al., *Appellees*.

SYLLABUS BY THE COURT.

VERDICT—*Conflicting Evidence—View by Jury of Premises—When Duty of Court to Grant New Trial.* The judgment of a trial court granting a new trial on the ground that the verdict is not sustained by the evidence will not be reversed where the evidence is conflicting and the weight of the evidence appears to be against the verdict, although there was a view by the jury of the premises and property in controversy.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed June 9, 1923. Affirmed.

*T. A. Noftzger, Benjamin F. Hegler, George Cox, M. J. Masemore,* and *Robert L. NeSmith,* all of Wichita, for the appellant.

*Paul J. Wall,* and *Allen B. Burch,* both of Wichita, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from an order setting aside a verdict in favor of the plaintiff and granting a new trial.

The plaintiff commenced the action to recover the contract price of store fixtures made by him to be used in a cigar store operated by the defendants. The defendants refused to accept the fixtures for the reason that they could not be placed in the store in the manner called for by the contract. This was the main question at issue on the trial. The evidence on it was conflicting. The jury viewed the premises and the fixtures under the direction of the court and returned a verdict in favor of the plaintiff. The defendants' motion for a new trial was granted on the ground that the verdict was not sustained by the evidence.

The plaintiff argues that because the premises and fixtures were seen by the jury, the court was not justified in setting aside the verdict and granting a new trial. If the rule contended for by the plaintiff be correct, a trial judge cannot set aside a verdict although that verdict is contrary to the evidence where there has been a view by the jury. That cannot be the law. In *Klopfenstein v. Traction Co.*, 109 Kan. 351, 354, 198 Pac. 930, this court said:

"By a wilderness of decisions covering half a century, the rule is settled in this state that ordinarily the trial court, when dissatisfied with a verdict, is in duty bound to set it aside."

A number of decisions of this court are there cited.

Leaving out of consideration the fact that the jury viewed the premises and fixtures, under numerous declarations by this court, the judgment of the district court granting a new trial should be affirmed. The rule is declared in *White v. Railway Co.*, 91 Kan. 526, 138 Pac. 589, as follows:

"To justify this court in reversing an order of the district court setting aside the verdict of a jury and granting a new trial on the ground that the verdict is not sustained by the evidence, it must appear that the evidence points to but one rational conclusion of fact, the one found by the verdict." (Syl.)

There is nothing in the statute denying to the trial judge the power to grant a new trial where there is a view by the jury. To prevent injustice, the judge must have the power to grant new trials on account of the insufficiency of the evidence, even if there is a view by the jury.

The judgment is affirmed.