No. 33,396

SELMA CLARK, *Cross-appellant,* v. THE SOUTHWESTERN GREYHOUND LINES, INC., THE CARDINAL STAGE LINES COMPANY, *Appellees,* OTTO BRADLEY, OTTO BRADLEY and DELBERT GARDNER, doing business as BRADLEY & GARDNER, *Appellants.*

(69 P. 2d 20)

Opinion filed June 12, 1937.

*J. R. Hyland, H. N. Hyland,* both of Washington, *Will A. Kelly* and *William M. Kelly,* both of Chicago, Ill., for the cross-appellant.

*T. M. Lillard, O. B. Eidson, Philip H. Lewis* and *Floyd D. Strong,* all of Topeka, for appellee Southwestern Greyhound Lines; *C. H. Brooks, Howard T. Fleeson, Fred W. Aley, Carl G. Tebbe, Wayne Coulson, Paul R. Kitch,* all of Wichita, and *F. R. Lobaugh,* of Washington, for appellee Cardinal Stage Lines Company.

The opinion of the court was delivered by

THIELE, J.: The questions raised on this appeal turn on the rulings of the trial court in sustaining motions for a new trial.

For brevity and clarity, the plaintiff will be referred to as plaintiff, the defendant the Southwestern Greyhound Lines, Inc., as Greyhound Lines, the defendant the Cardinal Stage Lines Company, as Cardinal Lines, and the defendants Otto Bradley and Otto Bradley and Delbert Gardner, copartners under the firm name and style of Bradley & Gardner, as Bradley and Gardner.

The plaintiff, on July 31, 1934, bought a ticket of defendant Greyhound Lines from McPherson, Kan., to Chicago, Ill. About 5 p. m., at Salina, Kan., she was transferred to a bus operated by defendant Cardinal Lines. At about 10 p. m. at a point near Rossville, Kan., the bus collided with a truck owned and operated by defendants Bradley and Gardner, as a result of which plaintiff received severe injuries for which she sought damages. The negligence charged was that the bus and the truck were so carelessly operated while attempting to pass each other that they collided; that each was so operated it projected over the center of the highway; that each was driven at an excessive and unlawful rate of speed; that the respective drivers failed before the collision to give each other suitable and customary warnings of their improper positions on the highway by use of their lights and horn signals, and that the drivers, each seeing the other's approach, had failed to stop; that the respective drivers were drowsy and suffering from loss of sleep, and that certain rules of the corporation commission as to hours of continuous driving were violated.

As far as now need be noticed, the Cardinal Lines answered denying negligence on its part and alleging the collision occurred by reason of the truck's being negligently driven so that a portion of it was on the wrong side of the road. The Greyhound Lines answered, alleging that it had no control or supervision over the Cardinal Lines bus; that the ticket sold plaintiff limited its liability, and it denied generally. Bradley and Gardner answered denying generally and alleging that the Cardinal Lines bus was so operated that its side extended over the center of the highway, and that it was traveling at an excessive rate of speed and unable to stop within the vision of its lights.

A trial resulted in a verdict for plaintiff against the Southwestern Greyhound Lines, Inc., and the Cardinal Stage Lines Company, and the jury also returned answers to special questions submitted.

The Cardinal Lines filed its motion to vacate the general verdict as being contrary to the weight of the evidence and rendered under passion and prejudice as indicated by answers to the special questions; its further motion to set aside the entire special verdict as not supported by the evidence, contrary to the evidence and rendered under influence of passion and prejudice, and to set aside answers to the special questions for the reason they are unsupported by and are contrary to the evidence, and its further motion for a new trial on statutory grounds.

The Greyhound Lines filed its motion for a new trial alleging statutory grounds.

The plaintiff filed her motion for a new trial as against the defendants Bradley and Gardner, the grounds including misconduct of the jury in rendering judgment in favor of these defendants, erroneous rulings and instructions of the court, that the verdict is wholly contrary to the evidence insofar as the said defendants are concerned, etc.

All of these motions were heard and sustained by the trial court "by reason of the fact that the general verdict is contrary to and unsupported by the weight of the evidence, and by reason of the fact that the special verdict is contrary to and unsupported by the weight of the evidence."

The defendants Bradley and Gardner perfected an appeal from the order allowing plaintiff a new trial as to them, and plaintiff perfected a cross-appeal from the verdict, order and judgment in favor of Bradley and Gardner, and from the decision, order and judgment

allowing the other defendants a new trial. Subsequently Bradley and Gardner abandoned their appeal and the matter now stands before us on whether the trial court erred in granting a new trial upon all the issues, or whether the new trial should have been granted only as to Bradley and Gardner and limited to the question of liability.

As has been noted, the trial court granted the new trial as to all parties and as to all issues on the ground the general and special verdicts were contrary to and unsupported by the evidence.

Our reports are replete with decisions respecting the duty of a trial court in ruling on a motion for new trial. Where the complaint is that the evidence does not sustain the verdict, the rule has been stated thus:

"Upon an application for a new trial because the evidence does not sustain the verdict, it is the duty of the trial court, though not of an appellate court, to weigh the evidence, although conflicting, and if the verdict is clearly against the weight of the evidence and does not meet the approval of the court, it should be set aside." (*Ireton v. Ireton,* 62 Kan. 358, syl. ¶ 1, 63 Pac. 429.)

And that rule was approved and followed in the following cases: *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589; *Ingalls v. Smith,* 93 Kan. 814, 145 Pac. 846; *Butler v. Milner,* 101 Kan. 264, 166 Pac. 478.

Plaintiff calls our attention to *Johnson v. Leggett,* 28 Kan. 590, wherein it was contended the trial court erred in not granting a new trial. In discussing the weight to be given the verdict by the trial court, it was stated the jury are triers of the facts and the trial court should interfere only where the verdict is manifestly erroneous and,

"Where the question is absolutely doubtful—where some men would naturally come to one conclusion and others to the opposite—then the verdict of the jury is conclusive. . . . Its [the court's] duty of interference arises only when the jury have manifestly mistaken the testimony, when the verdict is manifestly against the evidence." (pp. 607, 608.)

Plaintiff also cited *Railroad Co. v. Matthews,* 58 Kan. 447, 49 Pac. 602, where the question was refusal to grant a new trial. There it was held that if the verdict does not meet the approval of the trial court, it should be set aside, citing cases in support. The weight to be given the verdict was discussed and the language in *Johnson v. Leggett,* supra, approved, and it was held the trial court did not err in refusing a new trial.

Our attention is also directed to *Sovereign Camp v. Thiebaud,* 65 Kan. 332, 69 Pac. 348, where it was held to be error to grant a new

trial on the ground the verdict was not sustained by sufficient evidence. There it was held:

"The discretion committed to a trial court to set aside a verdict of a jury and grant a new trial is a legal and not an arbitrary one, and does not exist unless authorized by law or established precedent." (Syl. ¶ 1.)

It appeared in that case, however, that there was no dispute of facts, and that the trial court's ruling was arbitrary.

Plaintiff has abstracted some evidence which tends to support the general verdict and the answers to the special questions. We are not at liberty to weigh conflicting testimony as was the trial court. It appears there was much evidence which was not abstracted, but in that shown there is testimony which would have been sufficient to have sustained a verdict against Bradley and Gardner and in favor of the two other defendants. And evidently plaintiff believed this to be partly true, otherwise she would not have sought a new trial against Bradley and Gardner. And while conceivably all defendants may have been guilty of negligence, it is equally conceivable that only one was so guilty. In *White v. Railway Co.*, supra, it was said:

"To justify this court in reversing an order of the district court setting aside the verdict of a jury and granting a new trial on the ground that the verdict is not sustained by the evidence, it must appear that the evidence points to but one rational conclusion of fact, the one found by the verdict." (Syl. ¶ 1.)

Such evidence as is abstracted points to more than one rational conclusion of fact.

We cannot take up and discuss the numerous decisions of this court dealing with the discretion of the trial court in granting a new trial, where the ground was that the verdict was contrary to or unsupported by the testimony. Only three will be noticed.

In *Simon v. Simon,* 69 Kan. 746, 77 Pac. 571, it was said:

"We are not at liberty to presume that the trial court committed error in granting a new trial. It may rightfully exercise a large discretion in the matter of granting or refusing a new trial, and this court will not review its ruling thereon unless satisfied that it was wholly unwarranted and an abuse of its discretion (*Investment Co. v. Hillyer,* 50 Kan. 446, 31 Pac. 1064; *Ireton v. Ireton,* 62 id. 358, 63 Pac. 429); particularly in a case where it is claimed that the court committed error in granting a new trial." (p. 748.)

In *Jones v. Prather,* 136 Kan. 335, 15 P. 2d 403, is the following:

"In determining plaintiff's motion for a new trial, the court decided that the evidence was not sufficient to sustain defendant's claim or the finding of the jury in favor of the defendant, and also that there was error in an instruction

relating to the measure of damages. All the testimony produced at the trial is not included in the abstract. Having found that the evidence did not sustain the finding and verdict of the jury, the court could do no other than to grant a new trial. The court has an important function to perform when the sufficiency of the evidence to uphold the verdict is challenged by a motion for a new trial. On that motion the court declared its disapproval of the verdict. From the beginning it has been the rule that if a verdict returned by a jury does not meet the approval of the trial court, no duty is more imperative than to set the verdict aside and grant a new trial. This rule has been adhered to without variableness or shadow of turning. It has been announced so frequently and is so well understood that the citation of all the authorities is unnecessary. . . ." (p. 336.) (Citing cases.)

In *Durkin v. Kansas City Public Service Co.*, 138 Kan. 558, 27 P. 2d 259, it was held:

"The allowance or denial of a motion to set aside a judgment and to grant a new trial is a matter resting in the sound discretion of the trial court, whose action thereon will not be reversed unless an abuse of such discretion is apparent." (Syl. ¶ 2.)

In the case at bar, there is no showing that the trial court abused its discretion in ruling on the various motions and in granting a new trial.

Plaintiff contends that, in any event, the amount of her damage has been fixed, that it is separable from the question of negligence, and the new trial should have been limited to the question only of who was negligent and liable. We concede that where the issues are separable the new trial may be limited. (See *Paul v. Western Distributing Co.*, 142 Kan. 816, 822, 52 P. 2d 379, and cases cited.) But can application of that rule avail here? If the result of another trial would be to fix liability on Bradley and Gardner and not on either of the other defendants, then we would have a verdict fixed in amount by a jury which said they were not liable, and their liability determined by a jury which would be precluded from fixing the amount. Further than that, we have an abstract showing the testimony of plaintiff personally as to her injuries, and that of her personal physician. How much other testimony there may have been we do not know. We do not think the rule of limiting trials is applicable here, but if it were there is no showing the trial court erred in refusing to limit the issue at the new trial.

The decisions, orders and judgments appealed from are affirmed.