## A. T. GARTH v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EDWARDS.
### No. 12,511.  (66 Pac. 999.)

#### SYLLABUS BY THE COURT.

JUROR AND JURORS—*Inconsistent Findings.* Where the special findings of the jury and the general verdict cannot be reconciled, the special findings should be treated as the verdict, and the court should render judgment thereon.

Error from Edwards district court; J. E. ANDREWS, judge. Opinion filed December 7, 1901. Division two. Reversed.

*F. D. Smith,* for plaintiff in error.

A. C. *Dyer,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This litigation grew out of a condemnation of land for a public highway. The plaintiff in error appealed from the award of the board of county commissioners to the district court, where the cause was tried with the assistance of a jury. Several interrogatories were submitted by the plaintiff and answered, as follows:

"Q. What do you allow for the value of the land taken for the road itself? A. $16.

"Q. What do you allow for the cost of building a fence on each side of the road its entire length? A. $1,30 for both sides.

"Q. What do you allow for the cost of keeping said fence in repair? A. $4 for all time to come.

"Q. What do you allow for the expense of providing additional facilities for watering, caused by dividing the land into two portions? A. $75.

"Q. What was the land in question worth before the location of the road? A. $1000.

"Q. What was said land worth after being divided into two portions irregular in shape by the locating of said road, outside of the land taken for the road itself? A. $791.

"Q. What do you allow for the diminished value of said tract, other than the land taken for the road, by reason of the location of said road and the dividing of the land? $20."

With these special findings the jury returnd a generrl verdict, assessing plaintiff's entire damage at $225. The plaintiff then moved the court for judgment on the special findings of the jury for $434, being the aggregate of the several items of damage in their special findings. This application was overruled, and judgment rendered for $225, to which the plaintiff below excepted, and prosecutes error to this court.

The only question presented is whether the special findings of the jury shall control the general verdict, and whether the court below erred in not rendering judgment for the amount found by the special findings. It is a recognized principle that where the findings of the jury are fairly susceptible to two interpretations the one should be given that makes them concordant with one another and which supports the general verdict. (*St. L. & S. F. Rly. Co. v. Ritz*, 33 Kan. 404, 6 Pac. 533; *Jackson v. Linnington*, 47 Kan.

396, 28 Pac. 173, 27 Am. St. Rep. 300.)   In this case, however, it is impossible to harmonize the several items of damage which the jury found the plaintiff sustained with the amount specified in their general verdict. The court instructed the jury upon each of these items, and each is a proper measure of damage.   It has been frequently held by this court that where the special findings of the jury so conflict with their general verdict that they cannot be harmonized, the general verdict must give way ; that the special findings control, and stand as the verdict of the jury.   (*Gripton v. Thompson*, 32 Kan. 367, 4 Pac. 698 ; *Tobie v. Comm'rs of Brown Co.*, 20 id. 14 ; *School District v. Lund*, 51 id. 731, 33 Pac. 595 ; *A. T. & S. F. Rld. Co. v. Morgan*, 43 id. 1, 22 Pac. 995.)

Counsel for defendant in error undertakes to reconcile these findings with the general verdict by certain combinations of figures, and he arrived at the amount expressed in the general verdict in two ways, as follows :

The general verdict of $225 is made up of the following items :

| | | |
|---|---:|---:|
| Land taken (finding No. 1) | $16 | 00 |
| Allowance for fence (No. 2) | 130 | 00 |
| Repair of fence (No. 3) | 4 | 00 |
| Providing water facilities (No. 4) | 75 | 00 |
| Total (the amount of the verdict) | $225 | 00 |
| Value of land | $1000 | 00 |
| After the road was laid out | 791 | 00 |
| Difference | $209 | 00 |
| Land taken | 16 | 00 |
| Amount of verdict | $225 | 00 |

This effort only serves to demonstrate that the two cannot be reconciled.   In his first combination he leaves out the amount which the jury found the land had been decreased in value by reason of the highway

being located thereon, and puts this item into his second calculation, adding to it the value of the land actually taken, but takes no account of the other items of damage. If the jury had found the difference between the value of the land before the location of the road and its value thereafter to have been $225, or equal to the sum of the several items actually allowed, this might furnish some ground upon which the special findings could be reconciled with the general verdict, but all this is mere speculation. By the special findings, the plaintiff sustained damages in the sum of $434, and, as it is impossible to reconcile the special findings with the general verdict, the former constitute the verdict of the jury, and the court should have rendered judgment thereon for plaintiff.

The judgment is reversed and remanded, with instructions to the court below to render judgment in favor of plaintiff for the sum of $434 and costs.

CUNNINGHAM, POLLOCK, JJ., concurring.