CLARA C. SWAN, *Appellee*, V. THE BEVIS ROCK SALT
COMPANY, *Appellant*.

No. 17,366.

SYLLABUS BY THE COURT.

1. VERDICT AND FINDING—*Motion for New Trial Interpreted.*
Where a number of special findings are made against the
party in whose favor a general verdict is rendered, a motion
for a new trial filed by him, on the ground that the verdict is
against the evidence, will be interpreted as meaning that
such special findings are against the evidence.

2. SPECIAL FINDINGS—*Must be Approved by Court before Judg-
ment Thereon.* Where special findings returned by a jury are
attacked as contrary to the evidence, no judgment can be
rendered upon them until they have been approved by the
trial court.

Appeal from Rice district court. Opinion filed Jan-
uary 6, 1912. Affirmed.

*Ellerbe & Brokaw*, and *Samuel Jones*, for the appel-
lant.

*Ryan & Haney*, for the appellee.

The opinion of the court was delivered by

MASON, J.: Harry Swan lost his life while in the
employ of the Bevis Rock Salt Company. His mother
brought an action against the company, alleging that
his death was caused by its negligence. Upon the trial
the jury brought in a general verdict for the plaintiff,
but returned answers to special questions which the de-
fendant maintains entitled it to a judgment. The
plaintiff filed a motion for a new trial, which the court
sustained. The defendant appeals from the order
granting a new trial.

The motion for a new trial embraced all the grounds
specified in section 305 of the code, which were stated
in the exact language of the statute, except for unim-
portant clerical errors. The record does not show why

the new trial was granted. It may have been for any reason covered by the motion. With respect to some of the grounds presented the trial court has a considerable discretion, and a better opportunity for information than can be afforded a reviewing court.

"Trial courts are invested with a very large and extended discretion in the granting of new trials; and new trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them. . . . For unless the supreme court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with reference to some pure, simple, and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made, the supreme court will not reverse the order of the trial court granting the new trial." (*City of Sedan v. Church*, 29 Kan. 190, 191, 192.)

While a number of questions of law are suggested and argued by the appellant, we are unable to say how far if at all they affected the decision of the trial court. Nor can we say, against that decision, that the plaintiff received substantial justice at the first trial.

The motion for a new trial assigned among other grounds that the "verdict, report or decision" was given under the influence of passion or prejudice, and was in whole or in part contrary to the evidence. The defendant interprets these allegations as applying solely to the general verdict, asserts that the plaintiff made no attack upon the special findings, and argues that as the verdict was in favor of the plaintiff she can not be heard to ask a new trial on the ground that it was due to prejudice or was against the evidence. Such an interpretation of the language of the motion is too literal

and narrow. In the situation stated the word "verdict" as used in the motion must be regarded as including the special findings—indeed as referring especially to them. Bouvier's definition of a verdict is, "The unanimous decision made by a jury and reported to the court on the matters lawfully submitted to them in the course of a trial of a cause." The term "verdict" is often used in distinction to the answers to special questions, but it is not necessarily absolutely synonymous with "general verdict." It must be construed according to its context. It ordinarily applies only to the decision of a jury (*Kerner v. Petigo,* 25 Kan. 652), and yet as used in a motion for a new trial it has been given a broader significance, the court saying:

"The word 'verdict,' as it is used in law, is not applicable to the findings of fact by the court. The code does not use the word in that sense; but uses it to express the report of the jury on the evidence submitted to them, while it uses an entirely different phraseology to express the report of the court on the evidence. But while the word is inaptly chosen for the purpose, it sufficiently indicates the object of the motion to be understood, and will be so treated." (*McCullagh v. Allen,* 10 Kan. 150, 154.)

The defendant asks this court to direct a judgment in its favor upon the special findings. Where a general verdict is attacked as contrary to the evidence no judgment can be rendered upon it until it has been approved by the trial court. "It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same." (*K. C. W. & N. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108.) If in the present case the special findings are in fact inconsistent with a recovery by the plaintiff, it can be said that "as it is impossible to reconcile the special findings with the general verdict, the former constitute the verdict of the jury." (*Garth v. Edwards County,* 63 Kan. 755, 758, 66 Pac. 999.) Regarded as a verdict, the find-

Swan v. Salt Co.

ings are subject to the same rule as a general verdict— if they are challenged as against the evidence, they can not be made the basis of a judgment until they have been approved by the trial court. Here the plaintiff challenged them upon that ground and the court refused to approve them. Therefore no judgment can be directed upon them.

Harry Swan, the workman who was killed, was employed as a "top-cageman." A car would be loaded with salt in the mine, placed in the "cage" or elevator, and raised until the platform was level with the floor at the top of the shaft. It was then the duty of Swan to empty the car, replace it, and signal the engineer, by pulling a wire connected with a gong, to lower the cage. The jury found that his death was occasioned by the engineer moving the cage without having received any signal, Swan falling down the shaft. The defendant assumes that it is not liable for the engineer's negligence, because he was Swan's fellow-workman. There seems room for the contention that while Swan was at work it was necessary that the platform of the cage should be kept level with the floor in order that he should have a safe place in which to work; that to keep it so was a non-delegable duty; that the removal of the platform while he was still at work—before he had given a signal—was a character of negligence for which the employer would be liable irrespective of the fellow-servant matter. This question is not before us now for decision, but it is mentioned in order that this court may not be understood to accept the view that the defendant is not liable for the engineer's negligence.

The order sustaining the motion for a new trial is affirmed.