No. 21,442.

GLENN A. WARNER, *Appellee*, v. E. O. SNOOK and GEORGE REIGL, *Appellants.*

SYLLABUS BY THE COURT.

1. SCHOOL LAND—*Islands—Findings of Jury—New Trial Granted—No Error.* In an appeal from an order granting a new trial the appellant contends that the ruling was based solely on the ground that error was committed in giving a particular instruction. It is held that upon the whole record it appears that the new trial was ordered because the trial judge disagreed with the jury in their view of the facts, and therefore the decision is not reviewable.

2. SAME. The fact that the trial court in granting a new trial specifically and formally sets aside, as without any support in the evidence, only a part of the special findings which are attacked, and states that there was some evidence to support the others, does not necessarily show that such approval was given to the latter findings as to justify this court in ordering judgment on them, even if they would be in themselves, if regarded as establishing the facts to which they relate, conclusive of the rights of the parties.

Appeal from Ford district court; LITTLETON M. DAY, judge. Opinion filed April 6, 1918. Affirmed.

*L. A. Madison,* and *Carl Van Riper,* both of Dodge City, for the appellants.

*Edgar Foster,* and *Horace J. Foster,* both of Garden City, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1914, under the provision of the statute (Laws of 1913, ch. 295) which has since been repealed (Laws of 1915, ch. 322, § 14), Glenn A. Warner settled on a tract of land which he claimed to be open to settlement as school land on account of having formerly been an island in the bed of the Arkansas river. E. O. Snook and George Reigl protested the claim on the ground that the tract was an accretion to their riparian land. A trial was had, in which a jury returned a general verdict in favor of the protestants or defendants and made a number of special findings. The court granted a new trial, and the defendants appeal.

1. The plaintiff invokes the rule that the decision is not open to review, because it rested so largely in the discretion of the trial court. (*City of Sedan v. Church,* 29 Kan. 190.) The defendants insist that the decision is reviewable because it turned upon an unmixed question of law; namely, whether error was committed in the giving of a particular instruction relating to the effect of avulsion upon land titles. In ruling on the motion for a new trial, the judge went over the special findings and announced that several of them were not supported by the evidence and, on that account, would be set aside. He then added:

"I think that instruction No. 6 might have misled the jury in finding that that island did n't exist at a certain time. I think it is pure speculation, but would that be material? . . . I feel that probably the jury was misled by that sixth instruction that was given without any evidence to base it on and I think a new trial ought to be granted in this case. It will be granted."

We do not interpret the record as showing that the new trial was granted solely because of error supposed to have been committed in the giving of the instruction referred to. It seems rather to indicate that the judge could not approve the verdict and findings of fact made by the jury, and by way of explanation as to how they might have formed such mistaken beliefs, or a part of them, suggested that they were probably misled by an instruction which was given without a sufficient basis in the evidence. Even if upon examination of the evidence we should conclude that it justified giving the instruction, we could not order judgment on a verdict which has not received the approval of the trial court. (*K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 30 Pac. 108.) There is an intimation in the language quoted, that the court did not regard the effect of the instruction as vital. In this situation, it appearing that the court set aside the verdict because he felt that it was not in accordance with the facts, we can only affirm the order granting a new trial.

2. The defendants argue, with considerable plausibility, that judgment in their favor should be ordered upon the special findings which the court did not set aside, because these findings were in themselves fatal to a recovery by the plaintiffs. One of them was to the effect that no part of the land in dispute originated as an island. That finding, if regarded as es-

tablishing the fact to which it relates, would seem to be conclusive against the plaintiff, and might in some circumstances form the basis of a judgment, although other findings were set aside. (*Goff v. Goff,* 98 Kan. 201, 158 Pac. 26.) In the statement made by the trial judge preliminary to the ruling on the motion for a new trial, he at first said that the evidence clearly showed that the land had been an island at some time; later he said that he had overlooked the fact that the jury might have reached the conclusion they did in this regard from a comparison of the soil, and that, therefore, he would allow the finding to stand. The defendant's argument involves the assumption that what was said amounted to an approval of the finding. Upon the entire record we think it must be treated only as indicating that in the opinion of the judge there was some evidence tending to sustain it. In the course of his oral remarks he designated three findings as not being supported by the evidence, seeming to mean that there was no evidence whatever to support them. These were the only ones which he specifically and formally set aside. Of another he said, "Now there is evidence both ways on that. I think it is sustained by some evidence and that will not be disturbed." Of two others he said that there was sufficient evidence to sustain them, apparently meaning that there was some evidence in their support. There is no statement that any of the findings received the affirmative approval of the trial court. A judgment cannot be rendered upon special findings that have not received such approval (*Swan v. Salt Co.,* 86 Kan. 260, 119 Pac. 871), which must be something more than a mere determination that they were sustained by some positive evidence. (*Butler v. Milner,* 101 Kan. 264, 166 Pac. 478.) The order granting the new trial had the effect of setting aside the findings which had not already been vacated.

The decision is affirmed.