No. 25,330.

BLANCHE M. BOWMAN et al., *Appellants*, v. THE KANSAS CITY
FOUNDRY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

COMPENSATION CASE—*Trial—Motion for Judgment on Findings of Fact—
Findings Vacated by Order Granting New Trial.* An appeal from an order
denying judgment on findings of fact in a workman's compensation case
will be dismissed when the record discloses the findings have been vacated
by a final order granting a new trial.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER,
judge. Opinion filed November 8, 1924. Dismissed.

*J. E. McFadden, O. Q. Claflin, Jr.,* both of Kansas City, and *C. A. Randolph,*
of Kansas City, Mo., for the appellants.

*Edwin S. McAnany, Maurice L. Alden,* and *Thomas M. Van Cleave,* all
of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The question presented for decision reduces to this:
May an appeal from an order denying judgment on findings of fact
in a workmen's compensation case be considered when the findings
have been vacated by a final order granting a new trial?

Plaintiffs, as dependents of Lorenzo T. Bowman, deceased, sued
defendant for compensation under the workmen's compensation
act. The jury returned findings of fact covering contested issues.
On January 29, 1923, and in due time, defendant filed three mo-
tions: One to set aside specified findings, one for judgment on the
findings and one for a new trial on all the statutory grounds. On
the same day plaintiffs filed a motion for judgment in their favor
on the findings. On April 7 the court denied the motions for judg-
ment, and sustained, generally, the motion for new trial. The spe-
cific findings which defendant attacked necessarily fell when the
new trial was granted, and no attention was given to the motion
to set aside those findings. On August 31 plaintiffs appealed from
the order granting a new trial and from the order denying their
motion for judgment on the findings. On October 2 defendant
appealed from the order denying its motion for judgment on the
findings. Plaintiffs present to this court no assignment of error
relating to the order granting a new trial. They simply say they

should have had judgment on the findings. Defendant presses its cross-appeal only in the event this court should deem it proper to determine what judgment should be rendered on the findings.

The order granting a new trial vacated the findings, and as the case now stands the facts upon which judgment must rest have not been established. Until that order is demonstrated to be erroneous and the findings of fact are thereby restored to potency, it is immaterial what judgment the court ought to have rendered if it had been satisfied with the findings. Because the court was not satisfied with the findings it set them aside. Nobody complains of the ruling, and there must be a new trial.

Plaintiffs say when defendant appealed it waived benefit of the order granting a new trial, and joined issue with plaintiffs on the subject of what judgment should be rendered on the findings of fact. Defendant could not, by waiver, or even by agreement with plaintiffs, affect the validity or finality of the order awarding a new trial. The district court alone could set aside that order; and so long as the order stands, what judgment might have been proper if the order had not been made may be a subject for mock court mooting, but not for adjudication.

This court has appellate jurisdiction to what end? To correct errors committed by the district court. It does not appear that the district court committed error in setting aside the findings. Yet plaintiffs would have this court reverse the judgment of the district court and direct it to enter judgment on findings of fact which it disapproved, and which, for all purposes of the law, are now nonexistent. This court has emphasized on numerous occasions the duty of a district court to set aside a verdict which it disapproves, or findings which might be the basis of judgment and which it disapproves, and no judgment can be directed upon a verdict or upon findings which the district court has rightfully disapproved. (*K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 12, 30 Pac. 108; *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589; *Swan v. Salt Co.,* 86 Kan. 260, 119 Pac. 871; *Stanley v. Railway Co.,* 88 Kan. 84, 91, 127 Pac. 620; *Warner. v. Snook,* 102 Kan. 814, 816, 172 Pac. 521.

In *Swan v. Salt Company* the court said:

"Regarded as a verdict, the findings are subject to the same rule as a general verdict—if they are challenged as against the evidence, they cannot be

Bowman v. Foundry Co.

made the basis of a judgment until they have been approved by the trial court. Here the plaintiff challenged them upon that ground and the court refused to approve them. Therefore no judgment can be directed upon them." (p. 262.)

Plaintiffs say they abandoned their appeal from the order granting a new trial because defendant appealed from the order denying judgment in its favor, and so joined issue with plaintiffs on the subject of who should receive judgment on the findings. Presumably, plaintiffs' appeal from the order granting a new trial was taken with the serious purpose of preventing a new trial. If so, defendant was privileged to protect itself accordingly. Defendant could not complain of an order which it induced. If a new trial were prevented by plaintiffs, and the case should stand for judgment one way or the other on the findings of fact, defendant could still have the benefit of its motion for judgment by appealing from the order denying the motion. When the cross-appeal was filed plaintiffs were at liberty to press or abandon such portion of their own appeal as they chose, and if, in view of the cross-appeal, they chose to abandon their appeal from the order granting a new trial, and so cut the ground from under both the appeal and the cross-appeal, the choice was their own, and blame for it may not be charged upon defendant. Besides that, the counter abstract discloses that plaintiffs lost nothing by abandoning the appeal from the order granting a new trial. The district court was evidently of the opinion the findings did not afford a basis for substantial justice between the parties, and in such cases this court does not interfere.

The appeals are dismissed.