THE ST. LOUIS AND SAN FRANCISCO RAILROAD COM-
PANY v. ANNA M. CHACE.

No. 12,294.    (67 Pac. 853.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury by Fire—Judgment on Findings.*  In an ac-
tion against a railroad company for damages caused by fire set
out by one of its locomotives in the operation of the road, judg-
ment will not be directed on the special findings of the jury in
favor of the company, in the absence of a finding of contributory
negligence of the plaintiff, unless the answers to the particular
questions of fact negative every affirmative charge of negligence
averred in the petition.

Error from Butler district court; C. W. SHINN, judge.
Opinion filed February 8, 1902.    Affirmed.

*J. W. Gleed, John L. Hunt,* and *D. E. Palmer,* for
plaintiff in error.

*N. A. Yeager,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. :  This was an action against the railroad
company where it was charged with permitting fire
to escape from one of its locomotives, to the damage
of the plaintiff below.  There was a verdict, with
judgment, against the company, and a reversal is
asked on the sole ground that the trial court erred in
overruling a motion made by the defendant below for
judgment on the special findings returned by the jury.

The findings acquit the defendant below of all neg-
ligence except as it may appear in the following :

"10. Ques.  Were not the spark-arresting appli-
ances on said engine examined on the 22d day of
April, 1899, by a competent person, and found to be
in good repair?  Ans.  We question the competency
of the inspector."

"13. Q. Has any defect been shown to exist in said engine, so far as its spark-arresting appliances were concerned, or in any other respect? A. Yes.

"14. Q. If you answer question 13 in the affirmative, please state fully of what such defects consist. A. In allowing fire to escape."

"17. Q. Was said engine at the time furnished with well-known, approved and reasonably safe appliances to prevent the escape of fire? A. We do not know."

It was found that the engine was inspected by a competent man seven days before the damage was done, and that it was then in good repair. Six days after the fire it was examined again, as stated in question 10, but, from the evidence, the jury questioned the competency of the inspector.

The burden of proof was on the railroad company to rebut the presumption of negligence arising from the fact that it caused the fire in the operation of its road. (Gen. Stat. 1901, § 5923.) The burden resting on the company by this statute would have been lifted had the findings been that the inspection after the fire was made by a competent person, and the spark-arresting appliances found to be in good repair, and that at the time of the fire the engine was furnished with well-known, approved and reasonably safe appliances to prevent the escape of fire. The defendant below needed affirmative answers to questions 10 and 17 to destroy the presumption of negligence thrown upon it by the fact of the fire. The examination of the spark-arresting apparatus by an incompetent inspector was equivalent to an entire neglect to inspect.

The jury found in answer to question 1 that the engine from which the fire escaped was of the most-approved invention and construction so far as the appli-

ances for preventing the escape of fire were concerned. There is no finding, however, except the seventeenth, above set out, as to the condition of the appliances to prevent the escape of fire at the time the injury was done. It will be noted that the seventeenth finding is answered "We do not know," which is equivalent to saying that at the time of the fire the locomotive was not equipped with approved and reasonably safe appliances. The words "at the time," in the seventeenth question, have reference to the time of the fire which is referred to in the fifteenth question, preceding.

We cannot assume that counsel would tender, or the court submit to the jury, a question in repetition of another previously asked. For this reason, and from the fact that the seventeenth finding specifically refers to the time of the fire, we conclude that the first question related to the condition of the engine at some time before it emitted the sparks which caused the damage. If the engine was not supplied with approved and reasonably safe appliances to prevent the escape of fire, then the fact that such appliances were inspected, as stated in question 10, and found to be in good repair, would not exonerate the company from liability.

Before we can determine from the findings, as a matter of law, that the presumption of negligence laid upon the railroad company by statute has been rebutted, the latter must secure from the jury answers to its questions which negative every affirmative charge of negligence made in the petition. In this case, it is alleged that defendant below "failed to provide suitable means to prevent the escape of fire from the engine." (See *C. & A. R. R. Co. v. Quaintance*, 58 Ill. 389.)

We think the court below should have required the

jury to answer more specifically several of the particular questions, but there is no complaint of its refusal so to do.

The judgment will be affirmed.

DOSTER, C. J., POLLOCK, J., concurring.