JOHN T. LILLARD *et al.*, *as Executors, etc., et al.*, v.
THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY.

No. 15,614.    (98 Pac. 213.)

1. INSTRUCTIONS—*Inference of Negligence—Injury by Fire.* Under the circumstances it was not material error to refuse to instruct that the jury might infer that a fire set out by defendant's engine was caused by defendant's negligence.

2. NEW TRIAL—*Newly Discovered Evidence.* Where the sufficiency of a spark-arrester was involved in the trial an offer to show by expert testimony that the appliance was not a proper one and had not been properly inspected did not warrant a new trial.

3. ——— *Misconduct of Jurors.* Evidence of alleged misconduct of jurors was not sufficient to authorize a new trial.

4. INSTRUCTIONS—*Contributory Negligence—Immaterial Error.* The jury having found that defendant was not negligent, error in the instructions relating to contributory negligence was immaterial.

Error from Marion district court; OSCAR L. MOORE, judge. Opinion filed November 7, 1908. Affirmed.

*W. H. Carpenter,* and *Lillard & Williams,* for plaintiffs in error.

*M. A. Low,* and *Paul E. Walker,* for defendant in error.

*Per Curiam:* John T. Lillard and others sued the Chicago, Rock Island & Pacific Railway Company for damages on account of a fire set out by one of its engines. A jury trial resulted in a verdict for the defendant, and from the judgment based thereon the plaintiffs prosecute error. Error is assigned on account of the refusal to give this instruction:

"You are instructed that this single fire did not of itself prove negligence, but from the occurrence of a series of fires of a similar nature at or about the same time, when an engine in good order and properly handled does not ordinarily start fires, the jury might be justified in inferring negligence, although there is no direct evidence as to wherein the negligence con-

sisted, and that it was unreasonable to expect of the plaintiffs direct evidence of the specific defect in the engine or its management, as these are matters peculiarly within the knowledge of the defendant."

There was evidence that three fires were started within a distance of three-quarters of a mile. The instruction asked was therefore pertinent to the facts. Such an instruction was held proper in *Mo. Pac. Rly. Co. v. Kincaid,* 29 Kan. 654. That action was brought before the enactment of the statute making the mere setting out of the fire *prima facie* evidence of negligence. That law has greatly diminished the importance of such an instruction. In the Kincaid case the plaintiff, having the burden of showing affirmatively that the defendant was negligent, was able to produce no evidence on the subject except the fact that several fires had been set out by the same engine. It was therefore not only proper but very essential that the court should inform the jury that this circumstance alone was sufficient to support an inference of negligence. It was necessary to tell them that there was some evidence of negligence, and there was none except this. In the present case the plaintiffs had the benefit of the statutory presumption of negligence and could have recovered without any positive testimony on their part; and although the trial court might have given the instruction asked without error, to have done so would have been to single out a particular feature of the evidence for comment—to call the attention of the jury to an inference which they might make if the reasoning suggested appealed to their judgment. The refusal to do so does not justify a reversal, in view of the fact that the trial court, after instructing the jury as to the effect of the statute, added:

"After the defendant company has introduced testimony on its behalf tending to rebut this presumption of negligence that arises by reason of the alleged communication of the fire, it then becomes and is a question of fact for you to say, from all the evidence, facts and circumstances of the case, whether the fire complained of resulted from the negligence of the defendant, or

Lillard v. Railway Co.

whether it was simply an accident incident to the operation of the railroad, and for which the defendant, if that is the case, would not be responsible."

At the trial the defendant produced witnesses who described the screen in use on the engine in question to prevent the escape of sparks, and testified that it was well adapted to the purpose and that the engine had been subjected to a suitable inspection. After the trial the plaintiffs' attorneys found persons who were ready to qualify as experts and contradict this testimony, so far as it related to what appliances were proper and what examination they should receive. On the basis of this, regarded as newly discovered evidence, they asked a new trial, excusing their failure sooner to produce it or its equivalent by the fact that before the trial they did not know and could not have ascertained what kind of screen was in use on the engine which set the fire, or what inspection had been made thereof. The new witnesses had no knowledge of any of the facts connected with the setting out of the fire. They could only have testified generally concerning their opinions as to the most effectual means of preventing the escape of sparks from an engine. This was a matter almost necessarily involved in the trial, and the plaintiffs were bound to anticipate and be prepared to meet evidence on the subject favorable to the defendant. It is not asserted that the company changed its theory, or in any way misled its opponents. The only claim of surprise is founded upon the contention that the defendant admitted at the trial using an appliance of the kind which the plaintiffs learned afterward was inefficient and antiquated. We conclude that the showing was not sufficient to compel the granting of a new trial.

A new trial was also asked because two members of the jury, who had had experience in running engines, talked with the other jurors about their conclusions from such experience, but as it is not shown what their conclusions were it can not be said that the plaintiffs were prejudiced thereby.

Complaint is made of instructions that were given with regard to contributory negligence. The jury, however, found specially that the defendant had not been negligent. As we hold that no error was committed affecting that finding, it follows that any error relating to the matter of contributory negligence was immaterial.

The judgment is affirmed.