W. E. Tuttle *et al.*, *as Partners, etc., Appellants,* v. The Missouri Pacific Railway Company, *Appellee.*

No. 17,262.

SYLLABUS BY THE COURT.

1. DAMAGES — *Fire* — *Evidence* — *Other Fires.* In an action against a railway company for damages by fire alleged to have been caused by the operation of the road, proof of other fires along the right of way occurring at or near the same time under similar conditions is competent as a circumstance tending to show not only that the railway company was neg-

ligent in the operation of its road, but also as tending to show that the fire complained of was caused in the manner alleged.

2. EVIDENCE—*Burden of Proof—Instructions.* In a case like the one mentioned it is error to instruct the jury that "evidence on the part of the defendant that its engine and appliances were in perfect condition and that the engine was handled in a careful and skillful manner by a competent engineer and fireman overcomes the *prima facie*" evidence of the plaintiffs, and that "in order to entitle the plaintiff to recover he must show by affirmative evidence to your satisfaction that the defendant was negligent."

Appeal from Greenwood district court. Opinion filed December 9, 1911. Reversed.

*D. B. Fuller,* for the appellants.

*C. E. Benton,* and *W. P. Dillard,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: This is an action against a railway company for damages by a fire alleged to have been caused by the negligence of the company in the operation of its road. The plaintiffs were the owners of 130 tons of prairie hay stored in a barn which stood about seventy-five to ninety feet from the right of way of the company, near the limits of the city of Eureka. The barn and contents were destroyed by a fire. The petition alleged that the fire was set out in the operation of the railroad and by either a passenger or a freight engine, but that plaintiffs were unable to state by which one; that neither engine was provided with the latest and best-improved spark arresters or with any spark arrester or with proper fire box and smokestack; that the company failed to use due care in operating the engines, by reason of which fire escaped therefrom and destroyed plaintiffs' hay. It was also alleged that the company had failed to protect its right of way by burning sufficient fireguards to prevent fire from escaping to the premises of plaintiffs.

On the trial the jury found generally for the de-

fendant; the court approved the verdict, denied the motion for a new trial, and rendered judgment for the defendant for costs. The plaintiffs appeal.

The plaintiffs' evidence tended to show that the fire occurred about five o'clock on the afternoon of October 7, 1909, very soon after a passenger train, followed by a freight train, had passed going east. A witness for plaintiffs testified that he saw the smoke of the fire from three to five minutes after the freight train passed, and it is admitted that the passenger train preceded the freight by about ten minutes. There was no evidence showing that the passenger engine as it passed the barn was throwing sparks, but one witness testified that the freight engine was throwing sparks, and another witness said that it was a heavy train and was puffing as it passed. No witness testified that either engine started the fire, and most of the witnesses who saw the fire soon after it started said that it seemed to start on the inside of the barn. There was no witness who testified that there was any fire in the weeds and grass between the right of way until after fire was communicated thereto from the burning barn. No attempt was made by the plaintiffs to prove that either engine was defective or to show the kind or character of appliances used upon them or that the defendant had failed to protect its right of way by burning fireguards. Except that the fire occurred almost immediately after these trains had passed and that the freight engine was throwing sparks, there was no testimony as to the origin or cause of the fire. The defendant's evidence tended to show that both engines were equipped with screens and spark arresters of improved pattern and with other efficient apparatus for preventing fires, that the employees in charge of both engines were capable, efficient, and competent, that it had protected its right of way by burning fireguards, and that neither engine caused or set out the fire which destroyed plaintiffs property.

The plaintiffs offered testimony showing that a few minutes after the barn was discovered to be on fire another fire occurred on or near the defendant's right of way about a mile and a half east of Eureka and almost immediately after the same passenger and freight trains had passed. The court sustained an objection to this testimony, and the first question to be determined is, Was the ruling error? The plaintiff did not claim to be able to show by direct evidence that the second fire was set out by either of the engines, but claimed the right to prove the fact that the second fire occurred as a circumstance tending to show that one or the other of the two engines caused the fire which destroyed the plaintiffs' hay. In passing upon the question the court stated the rule to be that before evidence of other fires occurring about the same time is admissible the plaintiff must first produce "positive" testimony that the fire complained of was caused in the operation of the defendant's road. Counsel for the railway company concede that the word "positive" was inappropriate to characterize the kind of testimony which the plaintiff must first produce, but contend that the ruling was correct and that the court really intended to say that first there must be direct evidence showing that the fire complained of was caused by the operation of defendant's railroad before evidence of other fires is admissible; and they make the further contention that such evidence is never admissible unless it is shown that the other fires were in fact caused by the operation of the road. Their contention is that the only purpose for admitting evidence that other fires were caused by the same engines at or near the same time is to establish that the railway company was negligent in the operation of its road; and that since 1885, when the statute (Laws 1885, ch. 155, §§ 1-3, Gen. Stat. 1909, §§ 7079-7081) was passed making the fact that a fire is caused by the operation of the road *prima facie* evidence of

negligence, there is no occasion for the plaintiff to offer evidence of other fires.

The statute makes the fact that the fire was caused by the operation of the road *prima facie* evidence that the company was negligent; but it does not make other evidence of negligence incompetent. The plaintiff may still offer evidence of other fires occurring at or near the same time and under similar conditions, for the purpose of establishing negligence. He is not obliged to rest his contention that the defendant was negligent upon the *prima facie* showing or presumption afforded by the statute. In the case of *Lillard v. Railway Co.,* 79 Kan. 25, 98 Pac. 213, it was said that it would not have been error for the court to instruct that the jury might infer negligence from the occurrence of a series of fires of a similar nature at or about the same time, although it was held that the refusal so to instruct in that case was not error. The logic of the decision, however, is that evidence of such other fires is competent, at least for the purpose of proving negligence; and if proper for that purpose, it should have been admitted. We also think that without direct proof that the alleged fire was caused by the defendant in the operation of its road, he should be permitted to show the occurrence of other fires at or near the same time, as a circumstance tending, to some extent, at least, to show that the fire complained of was caused by an engine of the defendant. Counsel, however, insist that evidence of other fires is never competent unless it is shown by direct evidence that such other fires were caused by the operation of the road; that the plaintiff can not, by circumstantial evidence, prove a fact as a circumstance tending to prove the main issue. Suppose, without being able to produce direct evidence that the fire complained of was set out by the company in the operation of its road, the plaintiff proved that the fire started almost immediately after a certain train had passed, and then offered to show

that the progress of this train across the country on that day was followed by a trail of fires starting in the same manner. Would not the evidence be admissible as a circumstance having some tendency to establish that the same engine set out the fire which destroyed plaintiff's property?

"Where a fire starts upon a right of way belonging to a railway company soon after a train has passed the point where the fire started, whether the fire originated from the locomotive engine of such train or not is a question of fact, which may be determined from circumstantial evidence." (*Railroad Co. v. Noland,* 75 Kan. 691, syl. ¶ 2, 90 Pac. 273.)

Evidence respecting the second fire should have been admitted as a circumstance tending to prove the plaintiffs' case. The weight of the evidence was for the jury to determine.

Another error complained of is an instruction as follows:

"I further instruct you that proof by the plaintiff that the fire was occasioned by the operation of defendant's road is *prima facie* evidence of the negligence on the part of the defendant, but that evidence on the part of the defendant that its engine and appliances were in perfect condition and that the engine was handled in a careful and skillful manner by a competent engineer and fireman overcomes the *prima facie* case made, and in order to entitle the plaintiff to recover he must show by affirmative evidence to your satisfaction that the defendant was negligent in the construction of its engine and appliances or that the same were at the time out of repair or that said engine was at the time handled in a careless and negligent manner and unless the plaintiff has shown by affirmative evidence to your satisfaction such to be the case they would not be entitled to recover and your verdict in such case will be for the defendant."

The objection to this instruction is that the court invaded the province of the jury in charging that "evidence on the part of the defendant that its engine and

3—86 KAN.

appliances were in perfect condition and that the engine was handled in a careful and skillful manner by a competent engineer and fireman *overcomes* the *prima facie* case" made by the plaintiff. The court could not declare as a matter of law that evidence offered upon a certain issue establishes anything or that it overcomes a *prima facie* case. Whether the evidence of the defendant upon the particular issue is sufficient to overcome the *prima facie* showing made is exclusively for the jury to determine. If one witness for the defendant testified that the engine was equipped with a certain kind of appliance for arresting sparks or that the company was not negligent in the operation of its trains, is the *prima facie* case afforded by the statute overcome, whether or not the jury believe the witness? If the jury disbelieved the witnesses produced by the defendant upon that question, it is clear that the *prima facie* case was not overcome. The instruction tells the jury that the production of any evidence on the part of the defendant upon a certain issue overcomes the presumption of negligence; and yet the jury are the exclusive judges of the weight of the evidence and the credibility of the witnesses. The instruction was erroneous. As was said in *Jevons v. Railroad Co.,* 70 Kan. 491, 78 Pac. 817:

"Strong evidence to that effect was presented by the defendant, some of which was not denied in express terms, if at all; but this was offered in support of an affirmative defense, the burden of proving which was upon defendant, and it can not be said, as a matter of law, that the jury were bound to accept the evidence as true even if not contradicted." (p. 497.)

In that case the burden of proof rested upon the defendant, here upon the plaintiff; but the decision is in point upon the proposition that the jury is not bound, as a matter of law, to accept evidence as true, and that the court can not instruct that the mere production of evidence by one party necessarily overcomes the evi-

dence offered by the other party. In *Cobe v. Coughlin,* 83 Kan. 522, 112 Pac. 115, it was said:

"It is true that no testimony was offered in behalf of appellee, but a court or jury is not required to accept a statement of a witness as conclusive, although there may be no direct evidence contradicting his statements, and hence the court could not direct the verdict." (p. 525.)

Practically the same question was before the court in the case of *Railway Co. v. Geiser,* 68 Kan. 281, 75 Pac. 68. There the railway company contended that the trial court erred in refusing an instruction to the effect that, the statutory presumption of negligence having been rebutted by positive evidence on behalf of the defendant, the plaintiff could not recover.

In the opinion, after showing that the statute makes the setting out of the fire *prima facie* evidence of negligence, not a mere presumption, the court said:

"If it is a question of evidence against evidence, or of a conflict of evidence, upon what theory would the court be authorized to take the decision out of the hands of a jury and pronounce, as a matter of law, that the railway company's witnesses were in all respects to be believed, and that their conclusions as to the condition of the engine and the skill of the employees were beyond the pale of contradiction?" (p. 283.)

It was therefore held "that the entire question is one of fact to be submitted to the jury with proper instructions." (p. 287.)

In the present case the question was in a sense submitted to the jury, but the instruction was not proper because the court undertook to inform the jury what character of evidence on the part of the defendant would overcome the *prima facie* case, and might as well have instructed that the *prima facie* case was overcome by the evidence of the defendant and that it need not therefore be considered by the jury.

In the Geiser case, *supra,* it was ruled that "the fact of the setting out of fire by the operation of a railroad

is evidence, not merely presumption, of negligence, and as such must be met and overcome by evidence to the satisfaction of the jury" (68 Kan. 281, syl. ¶ 2)—not, as declared by the instruction in the present case, merely by evidence.

The instruction is objectionable in another respect. It charges that after the *prima facie* evidence is overcome by the defendant's evidence, the plaintiff, in order to recover, "must show by affirmative evidence to the satisfaction of the jury" that the engine and appliances were out of repair or that the engine was handled in a careless and negligent manner, and that unless the plaintiffs established such facts by affirmative evidence the verdict must be for the defendant.

It is not clear just what is meant by the expression "affirmative evidence" as used in the instruction. In *Gates v. Hughes, imp.,* 44 Wis. 332, the expression "affirmative proof" (p. 337) in an instruction was said to be "strictly meaningless" (p. 337), unless in that case it was intended to mean that the proposition must be established by direct or positive proof and not by circumstantial evidence. Giving the expression "affirmative evidence" the same meaning it erroneously limited the character of proof upon which the plaintiff might rely to rebut the evidence of the defendant, for, obviously, the plaintiff might offer circumstantial evidence to show that the company was negligent.

There was no error in admitting testimony offered by the defendant to the effect that the barn where plaintiff's hay was stored was much frequented by tramps. The other assignments of error are not well taken, nor are they of sufficient importance to require comment.

The judgment is reversed and a new trial ordered.