SARAH F. BARKER, *Appellee*, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, *Appellant.*

No. 18,150.

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Fire from Railroad Train—Evidence of Previous
   Fires Competent.* In a fire case it is competent to show that
   three days previously another fire was discovered at or near
   the same place, when a similar train has passed.

2. EVIDENCE—*When Reception of Incompetent Evidence is Preju-
   dicial Error.* Jurors are not sensitive plants from which every
   slight breeze or breath of incompetent evidence must be ex-
   cluded in order to maintain their qualifications to decide a
   case, and when the issues have been fully presented and
   competent evidence has been heard touching the conflicting
   claims it is not the policy of the law to send the case back for
   another trial unless the incompetency of evidence received is
   such as fairly to show material prejudice.

3. INSTRUCTIONS—*As to What Would Constitute a Complete De-
   fense.* The jury having been properly instructed as to the de-
   gree of care required it was not error to charge that if the
   plaintiff had proven certain facts she would be entitled to a
   verdict unless it was shown by the preponderance of the evi-
   dence that the defendant was not guilty of negligence in the
   operation of its engine or in failing to equip it with proper ap-
   pliances to prevent the escape of fire, such charge not amount-
   ing to a requirement to equip the engine so as absolutely to
   prevent the escape of fire.

4. ——— *Special Findings—When Error to Refuse to Submit.*
   The jury having found that the fire originated from the engine
   the defendant had a right to have questions submitted as to
   whether the engine was lacking in proper equipment or
   whether the fire originated from improper operation of the
   engine by those in charge.

5. JURY—*Verdict Must Result from Concensus of Opinion.* There
   must be a concensus of opinion, not only as to the liability of
   the defendant but as to the essential facts of the case as well,
   in order to justify a recovery.

Appeal from Wyandotte district court, division No. 1.
Opinion filed May 10, 1913.  Reversed.

*W. P. Waggener, J. M. Challiss,* both of Atchison, and *J. N. Baird,* of Kansas City, for the appellant.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued under the statute for damages to an apple orchard caused by a fire alleged to have been set out by the defendant in the operation of its road. The plaintiff recovered, and the defendant appeals, assigning as error the ruling of the court in the admission of evidence, in giving and refusing instructions, in refusing to submit certain special questions, and in denying a motion for a new trial.

The testimony showed that very soon after the passing of a certain freight train fire was discovered near the right of way, and the defendant complains that evidence was received showing that cinders were found near the right of way and their description was given. It is said that as the defendant's track was ballasted with cinders and there was no attempt to prove that those found were such as were ordinarily emitted from a locomotive the testimony amounted to an invitation to the jury to invade the realm of conjecture. An examination of the record, however, fails to show that any error was committed in this respect.

Testimony to the effect that a fire was discovered a few days before the one in question, when a similar train passed and when the wind was in the same direction, was admitted, and it is argued that this was too remote and was incompetent. But while none too convincing it was competent within the rule stated in *Tuttle v. Railway Co.,* 86 Kan. 28, 119 Pac. 370.

Considerable complaint is made about permitting certain witnesses to answer as to the value of trees and their product, but most of this evidence was on reexamination after the case in chief had been fairly

gone over, substantially without objection, as to the basis of value, and the questions complained of were asked mainly for the purpose of testing the knowledge of witnesses as to matters about which the defendant had examined them.   Jurors are not sensitive plants from which every slight breeze or breath of incompetent evidence must be scrupulously excluded in order to maintain their qualifications to decide a case, but are usually men of practical sense and experience, and when the issues involved have been fully presented and competent evidence has been heard touching the conflicting claims it is not the policy of the law nor the right of either party to send the case back for another trial unless evidence has been allowed to creep in, the incompetency of which is such as to fairly show material prejudice.

It is argued that the court, in instructing as to the burden of proof, erred in saying that if the plaintiff had proven certain facts she would be entitled to a verdict, "unless it is proven, by the preponderance of the evidence, that the defendant was not guilty of negligence in the operation of the engine in question or in failing to equip said engine with proper appliances to prevent the escape of fire, or in the manner of maintaining its right-of-way."   It is insisted that this amounted to an instruction that it was the duty of the railroad company so to equip its engine as absolutely to prevent the escape of fire.   We do not think the language bears this interpretation.   The jury had been told in other instructions that the defendant was not an insurer against loss by fire and that if it was proven that it exercised ordinary care and prudence in the equipment and operation of its engine and the maintenance of its right of way the plaintiff could not recover.   The language used was similar to an expression found in *Railroad Co. v. Chace,* 64 Kan. 380, 381, 67 Pac. 853.   We do not think the jury could have been

misled by the instructions given nor that the court failed to charge properly on all of the issues.

The defendant requested the court to submit thirty-three special questions and complains that answers to only eight of them were required. The twenty-five questions refused consisted mainly of a series of interrogations as to whether the engine was properly equipped and as to whether the individual members of the train crew were competent, and as to whose individual negligence or mismanagement the fire was due and what could have been done to prevent the fire. The case was tried on the theory that the engine in question was No. 3644, and while the court might have permitted the question calling for this answer, as there was no dispute about the matter, no harm arose from the failure of the jury to find specially on this point. They did find that the fire originated from the engine, and while, as frequently observed, the matter of special questions has many times been grossly abused, still, within proper limits, parties have a right to have them submitted and answered. (*Coblentz v. Putifer,* 87 Kan. 719, 125 Pac. 30.) The defendant was entitled to a finding by the jury as to whether the engine in question was lacking in proper equipment or whether the fire originated from improper operation of the engine by those in charge. Many of the questions calling for details touching insufficiency or mismanagement were properly refused. While the statute makes the setting out of a fire caused by the operation of a road *prima facie* evidence of negligence, still when the jury find that the fire originated from the engine they should be required, upon the request of the defendant, also to find whether it was caused by insufficient equipment or by improper management. We can not agree with the contention of plaintiff's counsel, that if half of the jurors believed the fire was caused by a defect in the engine and the other half that it was caused by improper operation, the plaintiff would still

be entitled to recover. If this were true there might be a consensus of opinion as to the liability of the defendant on twelve different bases on which such opinion could rest, each relied on by only one of the jurors and none by all. Their unanimous opinion as to the essential facts of the case as well as to the general result must be in favor of the prevailing party. The statutory right to have proper questions submitted having been denied, the defendant did not have the kind of trial it was entitled to.

The judgment is therefore reversed with directions to grant a new trial.