Clark v. Townsend.

---

No. 18,971.

H. H. CLARK, *Appellant*, v. GEORGE TOWNSEND, revived in the name of M. L. SCHADEN, as Administratrix, etc., *Appellee*.

OPINION DENYING A REHEARING.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion denying a rehearing filed February 12, 1916. (For original opinion of affirmance see 96 Kan. 650, 153 Pac. 555.)

*E. C. Little*, of Kansas City, for the appellant.

*William G. Holt*, and *James K. Cubbison*, both of Kansas City, for the appellee.

The opinion of the court was delivered by

MASON, J.: In a petition for a rehearing the plaintiff complains of the failure of the opinion already filed to refer to his contention that the trial court erred in giving a particular instruction. This instruction was to the effect that the verdict should be for the defendant if the jury found that there was an agreement that the plaintiff was to receive compensation for his services in some other form than a commission, and that he had received such other compensation. It is objected to on three grounds: (1) as inconsistent with the claim that the services were gratuitous; (2) as inadmissible under a general denial; and (3) because under it a verdict for the defendant might have resulted from six jurors believing the services to have been rendered without charge, while the other six believed they had been paid for according to a special contract. We think all the objections untenable. The plaintiff's theory was that there was no express agreement as to the amount he was to receive for his services, and therefore that he was entitled to

11—97 KAN.

their reasonable value. The defendant could without inconsistency endeavor to meet this by showing a special agreement covering the matter, whether it was that the services were to be literally gratuitous, or that they were to be regarded as compensated by some advantage he had received in his other dealings with the plaintiff, so that he was to receive no additional payment. As was intimated in the original opinion, the question whether, under a general denial, the defendant should have been permitted to prove a special agreement as to the character of the plaintiff's compensation, is substantially the same as whether proof should have been allowed of an understanding that they were to be gratuitous. The ruling of the trial court in that respect, whether technically correct or not, is regarded as nonprejudicial, because it does not appear that the plaintiff was taken by surprise by the defense presented, or that the state of the pleadings in any way hampered him in meeting it. No error was committed in instructing that a verdict for the defendant might be rendered upon either one of two theories. By submitting special questions the plaintiff could have guarded against such a verdict being the result of some jurors accepting one theory and the rest the other. It often happens that a party to litigation may prevail upon the establishing of any one of several allegations, and a general verdict can not disclose whether the jury were united with respect to any particular one of them. That can be determined, where desired, by the submission of special questions. (*Barker v. Railway Co.*, 89 Kan. 573, 132 Pac. 156.) No such questions were submitted, nor was any instruction asked regarding the matter.

The petition for a rehearing is denied.