No. 19,916.

JOSEPHUS MINOR, *Appellee,* v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Fire—Sparks from Locomotive—Evidence.* In an action to recover damages from a railway company for negligently causing the burning of a barn in the operation of its railroad, the testimony tended to show that it was not an impossibility for igniting sparks and cinders to be carried by a high wind a distance of 800 feet from a locomotive and there set fire to dry and inflammable material, and it is held that the evidence submitted herein was sufficient to support the verdict of the jury that the property was set on fire and destroyed through the negligence of the defendant.

2. SAME—*Trial—No Error in Admission of Evidence.* The admission of testimony which is not competent for one purpose but is admissible on another phase of the case is not ground for reversal where the court expressly limits the application of the testimony to the issue upon which it is competent.

3. SAME—*Findings Supported by Evidence.* Special findings of the jury which are challenged are held to be supported by the evidence in the case.

Appeal from Ford district court; GORDON L. FINLEY, judge. Opinion filed February 12, 1916. Affirmed.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Harlow Hurley,* all of Topeka, and *William Osmond,* of Great Bend, for the appellant.

*E. L. Foulke, C. A. Matson, J. D. Wall, H. E. Snyder,* all of Wichita, and *Carl Van Riper,* of Dodge City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Josephus Minor asked for and obtained a judgment against the Atchison, Topeka & Santa Fe Railway Company for damages for the burning and destruction of a barn and other property alleged to have been set on fire by the defendant in the operation of its railroad.

The barn, which was eight hundred feet distant from the railroad, was filled with dry hay. The fire occurred during a very dry period, and on the day of the burning the wind was blowing at the rate of thirty-one miles an hour and directly

from the railroad towards the barn. Fire was seen in the barn shortly after a train passed, and the jury found that it broke out about thirty minutes after the train passed. No fire was set nor was anything burned between the railroad and the barn, and there is a contention that the distance between the passing train and the barn was so great that it was impossible for igniting sparks to be carried from a locomotive to the barn. Attention is called to the opinion of certain authors who argue that sparks emitted from a locomotive will ordinarily carry fire no farther than fifty feet, and under the most favorable conditions to the setting of a fire, not more than one hundred and fifty feet. Witnesses in the case, however, testified that igniting sparks and cinders from passing trains may, under certain conditions, be carried and start a fire as great a distance as it was from the track to the barn. It is well known that the size of the sparks or cinders thrown from a locomotive, the atmospheric conditions existing at the time, and the velocity of the wind materially affect the fire-carrying quality of sparks and cinders. Under the testimony it can not be said to be an impossibility for igniting sparks and cinders to be carried the distance mentioned. The plaintiff must, therefore, be regarded as having made a *prima facie* case showing that the fire was the result of the defendant's negligence. (*Tuttle v. Railway Co.*, 86 Kan. 28, 119 Pac. 370.) There was testimony in the case to the effect that about the time in question live sparks and cinders were carried more than five hundred feet. Another witness stated that after the barn was burned, and shortly after the train passed, fire was set on the plaintiff's premises a distance of six hundred feet from the track; while another witness stated that he observed sparks from a passing train falling near the site of the barn when the wind was blowing about twenty miles an hour. One witness said that the locomtive of the train which passed just before the fire was started was throwing out black smoke as if the fireman had just been putting coal in the firebox. The testimony tended to show that there was no other source from which the fire might have originated. Some testimony tended to show a defect in the locomotive which passed about the time of the fire. Under our decisions it must be held that a *prima facie* case against the defendant was made and that no error was

committed in overruling the defendant's demurrer to the plaintiff's evidence. (*Railway Co. v. Geiser,* 68 Kan. 281, 75 Pac. 68; *Lillard v. Railway Co.,* 79 Kan. 25, 98 Pac. 213; *Tuttle v. Railway Co.,* supra; *White v. Railway Co.,* 91 Kan. 526, 138 Pac. 589.)

There is a claim of error in the ruling admitting testimony as to fires set out at other times by the defendant. Some of this testimony is within the rule permitting the admission of testimony of that character in *Tuttle v. Railway Co.,* 86 Kan. 28, 119 Pac. 370, and *Barker v. Railway Co.,* 89 Kan. 573, 132 Pac. 156. A more complete answer to the claim of error is that the court instructed the jury that all testimony of that character was admitted and could be considered only for the purpose of showing that live sparks from locomotives could be carried as far as the barn was from the track. So limited, the reception of the testimony could not be error, as it was undoubtedly admissible for that purpose. The testimony as to the distance that burning shingles were carried at the time of the fire was admissible for the same purpose as well as to show the velocity of the wind.

Objection is made because of the refusal of the court to admit testimony of a statement made by one Miller, who was called as a witness in behalf of the defendant, said to be inconsistent with the testimony given by him on the trial. He testified that he reached Minor's place before the fire burned out, and that it was about 11 o'clock eastern time. On further examination he testified that he might have made the statement that it was about 11 o'clock western time. The offer to show that he made that statement was refused. Assuming that it was competent for the defendant to contradict its own witness in this particular or use the offered testimony for any purpose, it must be held under all the evidence in the case that the exclusion of the offered testimony was not material error.

Error is next assigned on the refusal to set aside the special finding to the effect that the engineer did not handle the train properly in that he undertook to make up eight minutes of time in running from Howell to Dodge City, a distance of nine miles. The negligence upon which the verdict and judgment are based is not excessive speed of the train, but it was the

using of a defective engine. The train was scheduled to run this distance in twenty minutes, but it appears to have made the run in twelve minutes. It appears that the rate of speed of the train was forty-five miles an hour, and running at that rate in the open country can hardly be declared to be excessive or negligent. It was running faster, it is true, than the prescribed schedule, but ordinarily it is not negligence to run a train faster than the scheduled rate when it is deemed to be necessary, and it can not be regarded as a culpable want of care unless some peculiar circumstances require a diminished rate of speed. It may be that the pushing of the locomotive up to the high pressure of steam and the increased speed may have contributed somewhat to the throwing of sparks which were carried by the wind to the barn, but as we have seen, the recovery is not based on that negligence, and if the finding were stricken from the record there would still be sufficient support for the verdict.

It is next charged that there was no support for the finding that about thirty minutes elapsed after the train passed before the fire broke out. There was some confusion in the testimony in regard to the time of the occurrences there, due, in part at least, to the fact that the line of division between central time and mountain time is near the plaintiff's premises, and hence not all the witnesses used the same standard when speaking of time. There is testimony that the fire started in the hay inside of the barn within a few minutes after the train passed, and that it burned some time before it broke through the roof of the barn. The jury in their finding probably referred to the time the fire broke through the roof of the barn, and we see no error in upholding the finding.

Although the testimony is slight it appears to be sufficient to warrant the jury in finding that the engine was defective in that the plates were out of place, and it also appears to be sufficient to uphold the verdict and the judgment that have been rendered.

After giving consideration to all of the assignments of error and the arguments thereon we are of opinion that the judgment of the trial court should be upheld.

The judgment is affirmed.