No. 22,654.

W. E. HAMMON, and THE FIDELITY PHŒNIX FIRE INSURANCE
COMPANY, *Appellee*, v. THE MIDLAND VALLEY RAILROAD
COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Fire Loss—Sparks from Engine—Evidence—New Trial.*
The circumstances shown by the evidence being such as to lead rea-
sonably and logically to the conclusion that the fire originated from
the defendant's train, it was not error to grant the plaintiff a new
trial.

Appeal from Cowley district court; OLIVER P. FULLER, judge.
Opinion filed May 8, 1920. Affirmed.

*Albert Faulconer, Kirke W. Dale,* both of Arkansas City,
and *O. E. Swan,* of Muskogee, Okla., for the appellant.

*W. L. Cunningham,* of Arkansas City, *George B. Ritten-*
*house,* of Oklahoma City, Okla., and *G. A. Chappell,* of New-
kirk, Okla., for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff's barn and contents were destroyed
by fire claimed to have originated from sparks from one of
defendant's trains. The property was insured, and the com-
pany settled and joined the plaintiff in suing the defendant
for the full amount of damages. On the same day a fire oc-
curred a mile southwest, caused by burning shingles from the
Hammon barn, burning a pasture of prairie grass belonging
to Mr. Otey. Otey brought suit and the case was tried im-
mediately after the Hammon case. In the latter case the jury
found for the defendant, and in the former, in which the testi-
mony was practically the same, they found for the plaintiff.
The trial court granted a new trial in the Hammon case, and
from this ruling the defendant appeals.

The Midland Valley Railroad crosses the Kansas state line
almost at right angles, and the Hammon barn was located in
Oklahoma, 353 feet directly west from the nearest point on
the railroad. The mow of the barn had been recently filled
with dry hay, and some loose hay was lying on the ground by

the east door. This door was open. On the day of the fire a wind was blowing from the northeast, so strong that it carried burning shingles a mile away, setting fire to a pasture of prairie grass. There was testimony to show that no one was seen around the barn on the day in question after seven o'clock, and there was no fire on the place. The fire was first seen ten or fifteen minutes after the train passed.

Counsel for the defendant say the only question presented is:

"Is there any evidence that the fire originated from defendant's train?"

While several railroad men testified that when an engine is coasting, as this one had been doing for about a mile, sparks cannot be emitted. F. W. Warf testified for the plaintiff that he got to the fire about thirty minutes after it had started and the barn was then all burned down. His attention was first called to smoke which he noticed ten or fifteen minutes after the train passed. He had noticed the train going past from the north when it hit the curve east of Hammon's barn. Fred Campbell testified that he was a passenger on the train, that the lower barn door was open and he saw the hay in the mow, and saw the smoke after he got off the train at Hardy. Bert Gilliland testified that he was working northeast of the barn and noticed the fire ten or fifteen minutes after the train passed. He also testified that he saw clouds of smoke coming out of the engine as the train passed; that an engine does not have to be pulling to make sparks go out of the smokestack; that the engine may be going idle and throw sparks. F. R. Ready was working for the plaintiff in a field three-eighths of a mile southeast of the house, and he testified that he helped fill the mow with hay and that there was some loose hay dropped around the door on the ground.

There was nothing to indicate any other source of the fire than the engine, and as the plaintiff's barn was seen to be on fire in ten or fifteen minutes after the train passed, with the wind blowing in the proper direction to carry sparks, it might be reasonably and logically concluded, and not as mere guesswork, that the fire originated from the defendant's train.

It was not error, therefore, for the trial court to grant a new trial, and the ruling is affirmed.