No. 23,082.

CHARLES H. OTEY, *Appellee*, v. MIDLAND VALLEY RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROAD—*Negligence—Fire from Sparks of Engine—Damages—Evidence—Issue of Fact for Jury*. The circumstantial evidence to support a cause of action for the burning of hay and for damages to an ensuing crop of grass, alleged to have been caused by sparks from a railway engine, examined, and held sufficient to require the issue of fact to be submitted to a jury.

2. NEGLIGENCE—*Action Arising in Another State—Governed by the Kansas Law of Evidence*. In a cause of action arising in another state, the sufficiency of the evidence to sustain such an action when brought in this state is governed by the Kansas law of evidence.

3. SAME—*Action Arose in Oklahoma—Immaterial where Engine Was Located*. Where a railway engine at or near the Kansas-Oklahoma state line sets fire to property in Oklahoma, the cause of action arises in Oklahoma; and it is immaterial whether the engine was in Kansas, or on the state line, or in Oklahoma, when the escaping sparks from the engine set fire to the property.

4. SAME—*Evidence of Other Fires Competent.* It is not error to refuse a dogmatic instruction that the jury should not consider any testimony touching any other fire than the one alleged to have burned the property in question, when there was evidence that other fires occurred about the same time in the same locality which may have been caused by the same engine, when the significance of such evidence is properly limited by a suitable instruction given by the court.

5. SAME—*Fire Loss—Lessee of Land Entitled to Recover.* It is not error to refuse an instruction that a lessee of meadow and pasture land could not recover damages for injury to an ensuing crop of grass, where there is competent evidence to support the lessee's claim of injury thereto.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed April 9, 1921. Affirmed.

*Albert Faulconer, Kirke W. Dale,* both of Arkansas City, and *O. E. Swan,* of Muskogee, Okla., for the appellant.

*W. L. Cunningham,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for damages caused by sparks from a railway engine which set fire to a barn which consumed the plaintiff's hay stored therein, and where flying embers from the burning barn set fire to the grass and stubble on certain meadow and pasture land held by plaintiff as lessee.

The plaintiff's lessor owns a farm in Oklahoma bordering on the Kansas-Oklahoma state line. The defendant owns a line of railway running from Kansas to Oklahoma at right angles to the state line. The farm buildings of plaintiff's lessor are located near the railway, the barn being 353 feet west of defendant's right of way and 300 feet south of the state line. The distance from the barn northeastward to the intersection of the state line and the railway track was 473 feet. During the forenoon of October 22, 1917, a strong wind was blowing from the northeast. Defendant's railway train came from the north, the engine "puffing up black smoke like any engine when it had a fresh fire in it." The fire originated at the east side of the barn loft. The loft contained hay piled near its eastern door. A passenger in the train noticed the open loft door; and there was no fire to be seen as he rode by. Within a few minutes after the train passed the barn was on fire. The barn loft was

filled with plaintiff's hay.  The hay was burned, and flying embers from the burning barn set fire to plaintiff's meadow and pasture, which resulted in injury to the next season's crop.

From a verdict and judgment in favor of plaintiff, the defendant appeals, assigning error in overruling defendant's demurrer to the evidence and in refusing to give instructions requested by defendant.

There is no dispute that the fire which destroyed the plaintiff's hay and injured the pasture and meadow was caused by burning embers from the barn, but it is stoutly contended that there was no evidence that the defendant's railway engine set fire to the barn.  The evidence inhered in the circumstances.  While no one saw burning sparks from the engine blow through the door of the barn loft and the distance from the engine to the barn—473 feet, was considerable, and while witnesses testified that they had never known burning sparks carried that distance to cause combustion, yet it was shown that there was no visible fire in the barn loft when the train passed and that the engine was smoking heavily, that the wind was strong and blowing directly from the engine towards the open door of the barn loft and the fire was seen a few minutes after the train passed, and there was no proof or even plausible theory of other probable cause—these circumstances indicating the fire's origin were sufficient to take the case to the jury.  (*Hammon v. Railroad Co.*, 106 Kan. 787, 489 Pac. 909.)

In *Minor v. Railway Co.*, 97 Kan. 260, 155 Pac. 35, it was said:

"It is well known that the size of the sparks or cinders thrown from a locomotive, the atmospheric conditions existing at the time, and the velocity of the wind materially affect the fire-carrying quality of sparks and cinders."  (p. 261.)

In *Railroad Co. v. Perry*, 65 Kan. 792, 70 Pac. 876, the syllabus reads:

"The fact that soon after the passing of an engine a fire starts near a railway track in an enclosed field covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins."

In the opinion it was said:

"It is contended by counsel for the railroad company that since there was no evidence at all that either train threw sparks or live cinders, or emitted smoke, or was put to special exertion, and no further evidence than that stated above of the non-existence of any other adequate cause, the fact was not established that the fires complained of were caused by the operation of the railroad, under section 5923, General Statutes of 1901. . . .

"In the case at bar, given the place of origin in a field devoted to the production of farm crops and near to the railroad track, the inflammable character of the growth upon the soil, the close proximity in time of the passing of the train and the fire, the well-known fury of the forces in the locomotive, and the strength and direction of the wind, and no scientific or juridical process of thought could be violated in any way by inferring that the operation of the train caused the fire. The verdict of the jury, therefore, was fully warranted by the evidence." (pp. 793, 797.)

In *Railroad Co. v. Blaker*, 68 Kan. 244, 250, 75 Pac. 71, the opinion, in part, reads:

"It is contended that the evidence of negligence of the railroad company in setting out the fire was insufficient and that some of that received was incompetent. It was mainly circumstantial, but we deem it to have been sufficient to support the verdict. A heavy freight train passed the buildings destroyed shortly before the fire was discovered. It was running rapidly, working steam, and leaving a trail of smoke behind it. Within a few minutes after it passed, persons in the neighborhood saw a patch of fire on the roof of the elevator. No fire was kept in the elevator at the time, as it had been locked up for two weeks before the fire occurred. The wind was blowing from the railroad track toward the elevator. As far as the testimony goes, no one saw sparks proceeding from the engine and lighting on the building, but there was nothing in the testimony to show that the fire could have arisen from any other source, and the facts recited, in the absence of proof of any other cause, tend to show that the fire was caused by the sparks from the engine, and whether the fire so originated was a proper question for the jury." (p. 250.)

The testimony that sparks from an engine had never been known to set a fire at a distance of 280 feet or more, that the engine was going down grade, not working steam, and that it did not throw any sparks, was simply evidence and no more. The jury could believe all or part or none of that evidence (*Cobe v. Coughlin*, 83 Kan. 522, Syl. ¶ 2, 112 Pac. 115), when they came to weigh it against the other strong circumstantial evidence presented for their consideration. Defendant cites

cases from other jurisdictions where verdicts and judgments against railroads for causing fires were set aside, when the only proof was circumstantial evidence similar to that presented here; but we are governed by our own rules and precedents touching the sufficiency of evidence to justify the submission of an issue of fact to a jury.

Error is assigned because the trial court refused to instruct the jury that before they could return a verdict for plaintiff they must first find from the evidence that the fire originated from defendant's engine while it was being operated in the state of Oklahoma. It is argued that if the fire was set by a spark which escaped from the engine before the engine crossed the state line there could be no recovery. Such is not the law. It is highly probable from the evidence, and considering the direction of the wind, that the spark escaped while the engine was crossing the state line; but whether it was or not, a recovery was proper whether the engine was in Kansas, or on the state line, or in Oklahoma. The damage occurred in Oklahoma. If it was caused by defendant's engine, that was all that was necessary—unless it were shown that the Oklahoma law touching the right of recovery for damages or the measure of damages was different from our own.

In *Cameron v. Vandergriff*, 53 Ark. 381, the plaintiff who was standing in Arkansas was injured by a rock blasted from a stone quarry across the state line in the Indian territory. It was held that the cause of action arose in Arkansas where the plaintiff was injured.

In *Moore v. Pywell*, 29 App. D. C. 312, 9 L. R. A., n. s., 1078, where a druggist in the District of Columbia negligently substituted a poisonous drug for a healthful one, in filling a physician's prescription for a patient in Maryland, thereby causing the death of the latter in Maryland, it was held that the cause of action arose in Maryland. See, also, note in 56 L. R. A. 193, 216 *et seq.*

Fault is found because the court refused to instruct the jury not to consider any testimony with reference to other fires. The court covered this subject as follows:

"Also, there has been some evidence that upon the day in question there were other fires in that locality, but you are instructed not to consider such fact in determining whether the defendant was the cause

of the fire in controversy, unless you find that the defendant was the cause of such other fires in the operation of its train in question."

It will be noted that the instruction limited the consideration of evidence of other fires to those caused by the operation of the train in question, and, thus limited, the instruction given correctly stated the law, and the one requested by defendant did not. (*Sprague v. Railway Co.*, 70 Kan. 359, 368, 78 Pac. 828; *Hollinger v. Railway Co.*, 94 Kan. 316, 318, 146 Pac. 1034.)

Finally, complaint is made because the trial court refused to instruct the jury not to assess damages for destruction "of roots and sod grass or damage to future crops." The plaintiff testified that the damage to the next season's crop of grass for hay and pasture was $2 per acre. But it is argued that this was a damage to the freehold which might concern the landlord but not the tenant. Not necessarily. The plaintiff had the premises leased, and while a fire which swept across the meadow or pasture might cause no material damage to the freehold, it might, and sometimes does, materially affect the ensuing season's crop of grass. Moreover, it is not shown whether the jury made any allowance for damages to the pasture and meadow. The verdict was for $345 and was not itemized, but the evidence showed that "the barn was chuck full of hay being probably 200 or 250 bales of prairie hay and 15 tons of alfalfa." Probably very little, if anything, was allowed by the jury for damage to the next season's grass crop, and no discernible error is apparent on this point.

The judgment is affirmed.