No. 23,606.

W. E. HAMMON et al., *Appellees*, v. THE MIDLAND VALLEY RAIL-
ROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. DAMAGES—*Loss by Fire—Evidence—Findings.* In an action to recover dam-
ages for property destroyed by fire negligently set out by defendant, the
evidence is examined and held to be sufficient to support the findings as
to the extent of loss sustained.

2. SAME—*Pleadings—Proof No Departure.* In his petition plaintiff asked a
recovery for the destruction of a barn. Upon his proof he was awarded
damages for the loss of the use of the barn during the unexpired term of
a lease. Held not to be a departure.

3. SAME—*Instructions.* Instructions examined and held not to be erroneous.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed
April 8, 1922. Affirmed.

*Albert Faulconer, Kirke W. Dale,* both of Arkansas City, and *O. E. Swan,*
of Muskogee, Okla., for the appellant.

*W. L. Cunningham,* of Arkansas City, *G. A. Chappell,* of Newkirk, Okla.,
*George B. Rittenhouse,* and *F. A. Rittenhouse,* both of Oklahoma City, Okla.,
for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover for the loss of
a barn and its contents alleged to have been destroyed by fire neg-
ligently set out by the defendant in the operation of its railroad.
The property was insured in the Fidelity-Phœnix Fire Insurance
Company, and it paid to W. E. Hammon, the owner, the amount
of the insurance, $1,711.60, a sum less than the value of the prop-
erty destroyed, and by reason of its interest the insurance company
joined Hammon in bringing the action. Upon a trial the jury
awarded Hammon the recovery of $1,784.40 and $1,711.60 to the In-
surance Company, the amount it had paid on the insurance policy.
The defendant appeals.

The controversy was before the court in an earlier appeal. (*Ham-
mon v. Railroad Co.,* 106 Kan. 787, 189 Pac. 909.) In that case, as
well as *Otey v. Railroad Co.,* 108 Kan. 755, 197 Pac. 203, the origin
of the fire and the responsibility of the railroad company therefor
were considered and determined. There is no longer any good
ground for contention as to the responsibility of the defendant for

starting the fire nor for the actual loss sustained, but defendant urges that the amounts awarded exceed the loss sustained and therefore that the verdict is not supported by the evidence. Aside from the barn itself, the contents, consisting of wheat, alfalfa, prairie hay, hogs, buggy, harness, saddle, hayrack, feed rack, fence, and a number of tools, were burned. The testimony as to the value of these as given by witnesses, tended to show that it amounted to more than the total sums awarded by the jury. To these awards must be added the allowance of $250 for the destruction of the barn. No special findings as to the value of the things burned, except as to the barn, were requested or made, and there is no way in this appeal to ascertain the values placed by the jury on the different things burned other than the building. The general verdict is therefore conclusive upon all matters of fact as to the property destroyed, other than the barn. The jury fixed the value of the barn at $750, and the usable value of the same for the unexpired portion of the Hammon lease at $250.

The testimony regarding the terms of the lease would have warranted an award to Hammon for the value of the barn, but the court instructed the jury that plaintiff could only recover for the value of the use of the same. While there is some complaint by the defendant as to the value of the use, a reading of the testimony shows that there is no good ground for the objection.

Complaint is made of an instruction stating in substance that plaintiff had an insurable interest in the barn, and that if defendant caused the burning of it the plaintiff would be entitled to recovery for the use of the same for the unexpired term of his lease. It is said that as plaintiff asked a recovery for the destruction of the barn it was a departure to permit him to recover for the loss of its use. Proof that the loss was partial instead of entire can hardly be regarded as a departure.

Other complaints are made as to instructions defining a preponderance of evidence and the burden of proof, but nothing substantial is found in them. Defendant requested an instruction to the effect that certain instruments had been introduced purporting to show that sums of money had been paid to Hammon by the insurance company and that the values of property named in these papers could not be taken as any evidence of the value of the property in question in this action. It appears that the same question was raised when the instruments were introduced, and the court

then explicitly told the jury that the statements contained in these as to value were not for their consideration; that the object of the papers was to show the amounts received by plaintiff from the insurance company, but that they constituted no evidence of the real value of the property. There was no necessity of repeating the instructions at the end of the trial and no prejudice could have resulted from the refusal to give the one requested.

Other objections are made to the language of the instructions, but we do not discover material error in any of them.

Finding no reversible error in the record, the judgment is affirmed.